## WILSON POWELL *v.* THE STATE.

CRIMINAL LAW. *Indicia of crime. Sent to jury-room.*

On the trial of a party for stealing a hog, a portion of the animal stolen was produced before the jury for the purpose of identification. After the jury had retired they sent a written request to the judge, that the piece of flesh produced on the trial should be sent to the jury-room for further scrutiny. The judge complied with the request. *Held,* that this was not error.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

The facts are stated in the opinion.

*C. P. Neilson,* for the appellant.

The defendant had been put upon his trial. He had been confronted by the witnesses against him. They had been subjected to cross-examination. A piece of meat claimed to be a part of the meat hog stolen had been exhibited to and "carefully examined by the jury," and witnesses had testified on direct and cross-examination as to its identity and the marks by which they identified. The case was closed, the witnesses had dispersed, one of them, the prosecutor, taking with him the piece of meat. The jury retired and could

not agree upon a verdict. The defendant was then entitled to a mis-trial at least; but it seems other proceedings were had, other evidence introduced, and another trial had, not by the court and jury in the presence of the prisoner, but by secret inquisition in the jury-room. The judge states: "After the jury retired they sent a written request to have the piece of meat that had been exhibited sent to the room to them. He told the bailiff to take it to them. After the jury had retired, Peter Watkins, the prosecutor, had replaced the meat in a sack and gone back among the crowd in the court-room." Hart says: "It was sent for, partly as a joke, partly for more thorough examination." "It was cut by one of the jurors near the teat to satisfy himself." "The colored men on the jury had it principally examining it." "We had not agreed." All this we submit was in disregard of the rights of the accused, was improper, illegal, and as without it there was no verdict the judgment should be reversed and a new trial granted.

*T. C. Catchings,* Attorney General, for the State.

The meat taken to the jury after they had retired, was the same as that which had been put in evidence. Its introduction, therefore, into the jury-room cannot have damaged the defendant. If it had the effect, as claimed, of satisfying the minds of some of the jurors who were still in doubt as to defendant's guilt, a good result was attained by a practice ordinarily to be condemned.

CHALMERS, J., delivered the opinion of the court.

Appellant was convicted of grand larceny in having stolen a sow. There was introduced in evidence against him a piece of fresh pork found in his cabin, and the identification of this piece of meat as being a portion of the carcass of the stolen animal was the principal question litigated in the trial before the jury. After the jury retired to their room to consider of their verdict, they sent a message to the court desiring to have the meat sent to them, which the court did and the action of the court in so doing is assigned for error. It being shown and admitted that the meat sent to the jury was the same adduced and testified about on the trial, and that its condition remained unchanged in the meantime, we do not per-

ceive any prejudice could have accrued to the appellant by submitting it to further scrutiny in the jury-room.

*Affirmed.*