Richard Hansing v. The Territory of Oklahoma.

Deliberation of Jury—*May Take Only Certain Articles.* Section 5237 of the Statutes of 1893 provides that the jury upon retiring for deliberation may take with them all papers which have been received in evidence in the cause, or copies of such parts of public records or private documents, given in evidence, as ought not, in the opinion of the court, to be taken from the person having them in possession. This being the only statutory provision upon this subject, it was error for the trial court to permit the jury to take with them to their jury room, and to have the same in their possession in the jury room, while deliberating, the Winchester rifle used by defendant, and the revolver used by his co-defendant, John Keefer, and the hat worn by the deceased, John A. Perkins, at the time of the affray, with the bullet holes in it.

*Error From the District Court of Logan County.*

Prosecution by indictment against Richard Hansing in the district court of Logan county for the crime of murder and convicted of the crime of manslaughter in the first degree, and sentenced to a term of six years in

the penitentiary at Lansing, Kansas. The defendant below brings error. The facts are stated in the opinion.

*George Gardner*, for plaintiff in error.

*C. A. Galbraith, Attorney General*, and *Huston & Huston*, for defendant in error.

The opinion of the court was delivered by

SCOTT, J.: In the month of February, 1895, the plaintiff in error was prosecuted in the district court of Logan county, Oklahoma Territory, for the crime of murder in the first degree, and on the 28th day of February, 1895, the jury returned a verdict against him of manslaughter in the first degree. On the 9th day of May, 1895, the motion for a new trial was overruled, and plaintiff in error was sentenced to confinement in the penitentiary at Lansing, Kansas, for a term of six years, and he prosecutes this appeal to reverse said judgment.

On page 347 of the record we find the following statement:

" At the conclusion of the case and after the court had instructed the jury, and when the jury retired to deliberate of their verdict, the court, over the .objection of the defendant, permitted the jury to take with them to their jury room, and to have the same in their possession in the jury room while deliberating, the Winchester rifle used by defendant and the revolver used by his co-defendant, John Keefer, and the hat worn by the deceased, John A. Perkins, at the time of the affray, with bullet-holes in it; and to which action of the court the defendant duly excepted at the time. "

It further appears by the testimony of jurors on pages 357 and 362 of the record, that the jury after retiring made a number of experiments with said instruments and hat.

The only statute we have affecting the question is §
5237, which reads as follows:

" Upon retiring for deliberation, the jury may take
with them all papers which have been received in evi-
dence in the cause, or copies of such parts of public
records or private documents, given in evidence, as
ought not, in the opinion of the court, to be taken from
the person having them in possession. "

It is hardly necessary to quote authority to show that
the language of this article does not embrace such arti-
cles as were admitted by the court to the jury room in
this case.   Those articles were certainly not " copies " of
any " public record " or " private documents. "   Neither
are they " papers " in any sense of the term.   Such a
construction would do violence to language.

We are further of the opinion that in the absence of
statutory authority, the trial court could not legally,
over the objection of defendant, permit such articles to
be taken to the jury room to be experimented with by
the jury in the defendant's absence.

What the authority of the court might be when the
defendant failed to object or expressly consented,
whether such a proceeding can be waived by the defend-
ant in a felony case, especialy a capital case, we need
not discuss here.

The principle is well stated by Mr. Wharton in his
Criminal Evidence, p. 314, as follows:

"As we have seen, it is one of the necessary incidents
of bringing into court instruments by which an act is
alleged to have been done, that such instruments *should
be tested in court.*

" *It is only when this is done by the jury, after retir-
ing, when the parties have no opportunity to revise the
process, that objection can be made.*"   (See also authority
cited in the text.)

This principle has been followed with practical unanimity by courts of last resort. (See *McCoy v. State*, 3 S. E. [Ga.] 770; *State v. Sanders*, 68 Mo.; *Jumperty v. People*, 21 Ill. 374 ; *State v. Justus*. 8 Pac. 337; also in several Texas cases.)

Besides, it appears that in this case the evidence is very conflicting. On the main point in dispute, that is, whether the defendant crossed over the road and fired on the deceased from the gate post, as claimed by the prosecution, the larger number of witnesses favor the defendant. And while we might not regard the testimony as preponderating so strongly in favor of the defendant, as to require us to set aside the verdict on that account alone, yet it trespasses narrowly on that border and furnishes a strong reason for more careful scrutiny of the means by which the jury might have been, and probably were, influenced to reach their verdict. It appears by the testimony of two of the jurors, that the jury, after retiring, in the defendant's absence, made a number of experiments with the gun and hat, for the purpose of testing the accuracy of the testimony of the different witnesses on that point; showing that the jury received light to enable them to reach a conclusion, from a foreign and forbidden source.

It is our opinion, therefore, that the judgment of the lower court should be reversed for the double reason, (1), that forbidden articles were permitted to go to the jury over defendant's objection, which of itself would be sufficient to require a reversal though no injury be shown to have resulted from it, and (2), because it appears probable that defendant's cause was prejudiced by such action.

The judgment below is therefore reversed and the cause remanded for a new trial.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.