### TATMAN *v*. CITY OF BENTON HARBOR.

1. MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN HIGHWAY—INJURY TO ABUTTING PROPERTY.

The liability imposed upon municipalities by Act No. 264, Pub. Acts 1887 ( 3 How. Stat. § 1446c *et seq.*), for injuries resulting from their neglect to keep their highways in reasonably safe condition, is limited to injuries to persons and property upon the highway, and does not extend to injuries to abutting lands resulting from obstructions in the highway.

2. SAME—LIABILITY FOR NEGLIGENCE OF RAILWAY COMPANY.

A city which, under authority from the State, grants to an electric-railway company a franchise, and the use of the streets for its trolley poles, is not liable for the flooding of premises abutting the street, occasioned by the company's negligence in obstructing a gutter while engaged in the construction of its road.

Error to Berrien; Coolidge, J. Submitted January 28, 1898.   Decided February 16, 1898.

Case by George B. Tatman and Curtis Hemingway against the city of Benton Harbor for negligence in allowing a street-railway company to obstruct a gutter.   From a judgment for defendant on verdict directed by the court, plaintiffs bring error.   Affirmed.

The defendant city, under the authority conferred upon it by the legislature, duly granted by ordinance to the St. Joseph & Benton Harbor Street-Railway Company, a corporation organized under the laws of this State, a franchise for the construction of a street railway, and the use of electricity as a motive power.   The ordinance expressly authorized the railway company to erect posts, etc., for the support and maintenance of its overhead trolley wire. The city had constructed along one of its streets, and on the outside of the sidewalk, a plank gutter, four feet wide, to carry off the water.   The railway company was about to place one of its posts in this gutter, had cut a place through the plank, dug a hole about six feet deep, and unloaded some clay below the hole to put around the post when erected.   A sudden rain storm arose the following night, a large volume of water ran down the gutter, broke through the embankment at the place above described, overflowed the adjoining land, ran into the basement of a building, and wet and injured a quantity of wool which the plaintiffs had stored there.   Plaintiffs insist that the defendant is liable for the alleged negligent acts of the railway company in obstructing the gutter.   When the plaintiffs rested their case, the court directed a verdict for the defendant, for the reason that it was not responsible for the injury alleged and proven.

*George W. Bridgman*, for appellants.

*Charles N. Sears*, for appellee.

GRANT, C. J. (*after stating the facts*). After this court had decided that at the common law municipalities were not liable for neglect to keep their highways in a safe condition, a statute was passed imposing a liability. The act at present in force is Act No. 264, Pub. Acts 1887 (3 How. Stat. § 1446c *et seq.*). Many decisions are cited in the briefs of counsel under this and previous acts. They, however, have no bearing upon this case, for the reason that the statute fixes the liability only for injury to persons and property upon the public highway. It imposes no liability for injury to abutting lands. If, therefore, the defendant is liable, it is because such liability exists at the common law. Cases holding that municipalities cannot avoid liability by letting contracts, and that they are liable for the negligence of the contractors, do not apply, because the railway company and the city do not occupy that relation. The railway company is not doing any work for the city, but solely for itself. Authorities holding that municipalities are liable for erecting and maintaining obstructions which cause the water to overflow the lands of abutting owners, as in *Rice* v. *City of Flint*, 67 Mich. 401, are not applicable, for the city itself has committed no act causing such a result. The city, under authority received from the State, granted the railway company a franchise, and the use of its streets to erect the necessary plant. The railway company, under authority received from the State, accepted the franchise, and was erecting its plant. The railway company was not the agent of the city. The city was engaged in no act of a private character or for private gain. In granting this franchise it was exercising a public function, from which it was not to derive any benefit. Was it under obligation to watch the railway company in its work, to see that it did no damage to the property abutting the street? Township boards are now authorized by the legislature to grant rights of way over the public highways to street-railway companies. Is the township liable if the railway company, in laying its track and erecting its plant, by its

negligent acts injures the property of the abutting owner? If so, it follows that the township must, through its officer or agent, superintend the work, and see that it is properly done.   No such duty is imposed by statute, and no authority is cited sustaining it.   The railway company was lawfully in possession of the street, engaged in lawful work, and no duty was imposed upon the defendant city to be on the watch to prevent trespasses by the railway company to abutting lands.   In *Frith* v. *City of Dubuque*, 45 Iowa, 406, it is said:

"It [the city] may, by ordinance, permit the use of a street for a railway.   The railway company accepts the grant subject to liability for any damages which may be sustained by individuals by an improper construction of the road or unauthorized use of the street.   The use of the street under such permission or grant cannot make the city liable in damages."

The court was correct in directing a verdict.

Judgment affirmed.

The other Justices concurred.