STATE, RESPONDENT, *v.* ALLEN, APPELLANT.

[No. 1,350.]

[Submitted June 19, 1899. Decided July 3, 1899.]

*Criminal Law—Homicide—Verdict of Conviction—Sufficiency of Evidence—Appeal—Review of Instructions—Rules of the Supreme Court—Specifications of Error—Taking Exhibits to Jury Room—Waiver of Objection.*

1. A verdict of conviction of murder will not be disturbed where there is evidence to support it. It is not the province of the appellate court to usurp the office of the jury or the function of the trial court.

2. A failure to comply with Subdivision 3 of Rule V. of the Supreme Court, providing that, when the error alleged is to the charge of the court, the specification shall set

out *totidem verbis* the part referred to, whether it be instructions given or instructions refused, is sufficient warrant for refusing an examination of the charge on appeal.

3.  Where appellant complains of the charge, but points out nothing to his prejudice, it it is not incumbent on the court to search for possible errors.

4.  Where, on a prosecution for murder, the counsel for the defendant, in defendant's presence, consents to the taking to the jury room of certain exhibits admitted in evidence, such consent is a waiver of any objection to the sending of said exhibits to the jury while in retirement.

*Quaere.*—Whether, under the provisions of Section 2122 and Subdivision 2 of Section 2192 of the Penal Code, it is error to send to the jury while in retirement such exhibits, admitted in evidence, as the skull of the decedent, his bloody hat and a certain blood-stained sack found at the place of the killing; or whether, without the defendant's consent, but in the exercise of a wise and sound discretion, the court may send to the jury in retirement exhibits other than papers.

*Appeal from District Court, Lewis and Clarke County; Henry C. Smith, Judge.*

JOSEPH ALLEN was convicted of murder, and from a judgment sentencing him to death, and an order denying his motion for a new trial, he appeals. Affirmed.

*Mr. J. M. Clements*, for Appellant.

*Mr. C. B. Nolan*, Attorney General, for the State.

**MR. JUSTICE PIGOTT** delivered the opinion of the court.

Joseph Allen, charged by information with the crime of deliberate murder, committed upon one J. S. Reynolds on the 24th day of July, 1898, at the county of Lewis and Clarke, and convicted by a jury of murder in the first degree, appeals from the judgment sentencing him to death, and from an order denying his motion for a new trial.

The judgment and order are attacked upon these grounds:

1. It is claimed that the verdict is contrary to the evidence. The attentive consideration which we have given to the record enables us to express the opinion that there was ample evidence adduced tending to prove defendant's guilt of the crime of which he stands convicted, and to support the verdict rendered. The defendant, while admitting the killing, claimed that the act was done in self-defense; but the evidence tends strongly to show that he killed the decedent

while the latter was asleep, for the purpose of gaining possession of a check payable to the order of the decedent, and which the defendant afterwards indorsed, and of certain personal property on the body of the decedent. The jury might, it is true, upon the testimony have found the defendant guilty of murder in the second degree, or of manslaughter, or might have acquitted him, for there was evidence from which inferences favoring homicide in self-defense, murder in the second degree, and manslaughter, respectively, might have been deduced by the triors of fact; but the jury were evidently satisfied that the only legitimate inference was that the defendant had committed a deliberate murder. We cannot declare that the evidence presented was of such character and effect that it ought to have left in the minds of the jurors a reasonable doubt of the defendant's guilt. It is not the province of this court to usurp the office of the jury or the function of the trial court.

2. The defendant asks us to review the charge of the court for the purpose of discovering whether error was committed in the instructions; but the brief fails to comply with that portion of subdivision 3 of Rule V. of this court, applicable alike to criminal and civil cases, providing that, when the error alleged is to the charge of the court, the specification shall set out *totidem verbis* the part referred to, whether it be instructions given or instructions refused. This omission is sufficient to warrant us in refusing to examine the charge. (*Babcock* v. *Caldwell*, 22 Mont. 460, 36 Pac. 1081; *Gibson* v. *Hubbard*, 22 Mont. 517, 57 Pac. 88; *Anderson* v. *Carlson*, 23 Mont. 43, 57 Pac. 439.) Moreover, upon the argument counsel was unable to point out any misdirection or nondirection prejudicial to the defendant. Under such circumstances the obligation to search the charge for possible error is not incumbent upon this court.

3. The skull of the decedent; his hat, spotted with blood, and worn by him at or immediately prior to the time, and discovered at the place of the killing; and a certain blood-stained sack, found near the scene of the homicide,—were ex-

hibited to the jury, admitted in evidence without objection, and used on the trial. After the jury retired to consider of their verdict, they requested the bailiff to bring the skull, hat, and sack into the jury room for their inspection; whereupon the court, being of the opinion that the exhibits mentioned were proper for the jury to have for further inspection, ordered the bailiff to comply with the request, and the exhibits were then taken into the jury room, where they were used by the jury. It does not appear, however, that any experiment was made with any of the exhibits. The defendant earnestly contends that the reception of these exhibits by the jury out of court is, under the provisions of section 2122 and subdivision 2 of section 2192 of the Penal Code, an error entitling him to a new trial. If the foregoing were all the facts touching the matter, necessity would arise for determining the question of whether such instruments of evidence were rightly sent to the jury room, —the answers to which are not entirely uniform, as will appear by reference to the following cases: *State* v. *Webster* (Wash.) 57 Pac. 361; *Dr. Jack* v. *Territory*, 2 Wash. T. 101, 3 Pac. 832; *People* v. *Page*, 1 Idaho, 106; *Powell* v. *State*, 61 Miss. 319; *State* v. *Stebbins*, 29 Conn. 463; *State* v. *McCafferty*, 63 Me. 223; *Hansing* v. *Territory*, 4 Okl. 443, 46 Pac. 509; *Yates* v. *People*, 38 Ill. 527; *Forehand* v. *State*, 51 Ark. 553, 11 S. W. 766. Nor is it needful to decide whether, without the defendant's consent, but in the exercise of a wise and sound discretion, the court may send to the jury exhibits other than papers. On the hearing of the motion for a new trial there was a sharp conflict between witnesses with respect to whether or not the defendant consented to the sending of the skull, hat, and sack to the jury during their retirement. The county attorney and a juror testified that, just before the jury retired, counsel for the defendant consented and agreed in the presence of the defendant, and in open court, that the exhibits mentioned might be taken to the jury room; and the juror further testified that, as soon as the jury discovered that the said exhibits had not been brought into the room, they directed the bailiff

in charge to get them. The defendant and his counsel testified that neither of them ever consented or agreed to the taking of these exhibits to the jury room. The presumption is that the trial court, to which was addressed the application for a new trial, found against the defendant upon the issue thus presented, and, there being a substantial conflict in the testimony, this court must indulge the conclusive presumption that the decision is supported by the weight of the evidence; hence we have no right to disturb its action, unless there was error in sending the exhibits to the jury even with the consent of the defendant. We are of the opinion that the consent given by the attorney for the defendant in the presence of the defendant was the consent of the defendant himself, and that such consent was a waiver of the objection, made on the motion for a new trial, to the sending of the exhibits to the jury while in retirement, and eliminates the question whether error might well be urged had consent not been given. (See *People* v. *Mahoney*, 77 Cal. 529, 20 Pac. 73.)

The judgment and order are affirmed.

*Affirmed.*