STATE, RESPONDENT, v. PERES, APPELLANT.

(No. 1,846.)

(Submitted January 8, 1903.  Decided January 15, 1903.)

*Statutory Rape — Prior Acts of Intercourse — Statement of Prosecutrix—Voluntary Character—Delay in Making—Admissibility of Evidence — Testimony — Sufficiency — Contradicion—Impeachment—Effect.*

1.  In a prosecution for the rape of a female under the age of consent, evidence of acts of intercourse between the parties prior to that charged is admissible to corroborate the prosecutrix.

2.  In a prosecution for statutory rape it appeared that the offense was committed on Friday; that on Monday and Tuesday prosecutrix appeared at school, nervous and tearful, evading her teacher's questions, and on the latter day was excused from recitation; and that on Wednesday, when found crying by the teacher, and on being urged to disclose the trouble, told of the crime.  *Held,* that this statement was not objectionable, as involuntarily made.

3.  As the statement was not in the nature of a confession or admission, its involuntary character would not be a ground of objection to evidence thereof, but would only affect its weight.

4.  In a prosecution for statutory rape it appeared that the offense was committed on Friday; that prosecutrix made no disclosure thereof until the next Wednesday, when, in response to questioning, she told her teacher of the offense, declaring it to have been accomplished by force; and that on the next Monday she told all her teachers.  Prosecutrix testified that she did not tell her stepmother, because they were not on good terms, and the stepmother knew of previous illicit relations between prosecutrix and accused; and that she did not tell her father because she feared he would believe she had consented.  *Held,* that prosecutrix's delay in making the statement would not, in view of her testimony, warrant the exclusion of evidence thereof.

5.  The rule which requires a prosecutrix raped by force to make immediate outcry or disclosure, or stand discredited on the trial, has no application to a prosecution for the rape of a female under the age of consent.

6.  Code of Civil Procedure, Section 3120, provides that the direct evidence of one witness, entitled to full credit, is sufficient proof of any fact except perjury and treason.  *Held,* that prosecutrix's uncorroborated evidence would be sufficient to sustain a conviction of statutory rape.

7.  Code of Civil Procedure, Section 3390, Subd. 2, provides that the jury are not bound to decide in conformity with the declarations of any number of witnesses, not convincing their minds, against a less number satisfying their minds.  *Held,* that the fact that prosecutrix was contradicted, or that conflicting impeaching evidence was given against her, would not overthrow a conviction of statutory rape.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

CAMILE PERES was convicted of statutory rape, and appeals. Affirmed.

*Mr. Thomas E. Brady,* for Appellant.

It was error to admit, over the objection of defendant, the testimony of the prosecutrix to the effect that previous acts of the same character had been committed upon her by defendant, extending over a period of time more than two years prior to the offense charged in the information. (*People v. Lennan,* 79 Cal. 625; *People v. Barnes,* 48 Cal. 551; *People v. McNutt,* 64 Cal. 116; *People v. Fultz,* 109 Cal. 258.)

The statements made by the prosecutrix as to what occurred, together with the statements of those to whom they were made, should not have been admitted in evidence as part of the case in chief. First, these statements seem not to have been voluntary; and second, they were made at too remote a period, and the delay was unaccounted for. (Wharton's Crim. Ev. (9th Ed.), Sec. 565; *Whitney v. State,* 35 Ind. 503; *State v. McLaughlin,* 44 Iowa, 82; *People v. Benson,* 6 Cal. 221; *People v. Hamilton,* 46 Cal. 540; *People v. Ardaga,* 51 Cal. 371.)

*Mr. James Donovan, Attorney General,* for the State.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant, Camile Peres, was convicted of the crime of rape committed on the person of one Adrienne Baque, a female under the age of 16 years, and from the judgment and an order denying his motion for a new trial he appeals.

On the trial of the cause the prosecuting witness was permitted, over the objection of the defendant, to testify to acts of intercourse between herself and the defendant prior to the act complained of and for which the defendant was then being tried. This is assigned as error. While there may be some slight conflict in the authorities on this point, confessedly the great weight of authority is in favor of the admissibility of

this class of evidence; not to prove substantive offenses upon which conviction might be had, but in corroboration and explanation of the testimony concerning the commission of the act charged. (*People* v. *Jenness,* 5 Mich. 305; Whart. Cr. Ev. (8th Ed.), Sec. 35; *People* v. *O'Sullivan,* 104 N. Y. 481, 10 N. E. 880, 58 Am. Rep. 530; *Mitchell* v. *People* (Colo. Sup.), 52 Pac. 671.) In *State* v. *Robinson,* 32 Oregon, 43, 48 Pac. 357, in discussing the precise question under consideration, the court says: "It is next insisted that the court was in error in allowing the prosecution to give evidence tending to show more than one act of criminal intercourse between the defendant and the prosecutrix. The reason assigned for the objection to this testimony is that it violates the rule which prohibits evidence of a distinct crime unconnected with that alleged in the indictment to be given against the prisoner. As a general rule, the principle invoked is unquestioned, although there are in fact many exceptions, which it is unnecessary to attempt to point out at this time, as the authorities fully sustain the competency of the evidence offered and admitted in this case, not for the purpose of proving a different offense, but to show the relation and familiarity of the parties, and as corroborative of the prosecutrix's testimony concerning the particular act relied upon for a conviction. (*Strang* v. *People,* 24 Mich. 6; *People* v. *Abbott,* 97 Mich. 484, 56 N. W. 862, 37 Am. St. Rep. 360; *Commonwealth* v. *Merriam,* 14 Pick. 518, 25 Am. Dec. 420; *Hardtke* v. *State,* 67 Wis. 552, 30 N. W. 723; *Taylor* v. *State,* 22 Tex. App. 529, 3 S. W. 753; *People* v. *O'Sullivan,* 104 N. Y. 481, 10 N. E. 880, 58 Am. Rep. 530.) It was for this purpose alone the evidence in question was admitted, as expressly stated at the trial court at the time, and as subsequently fully explained to the jury in the charge."

In this connection it is urged that the court erred in giving instruction numbered 8, in which the jury was told that the evidence of prior acts of intercourse between the prosecutrix and defendant was admitted only for the purpose of corroborating her testimony regarding the commission of the act charged. On the argument of this cause counsel for defendant admits

that, if the evidence was properly admitted, the instruction was proper, and, having disposed of the former question above, its determination likewise disposes of this.

It is next urged that the district court erred in permitting the prosecutrix to testify that on Wednesday after the Friday on which the alleged crime was committed she told her teacher, Miss Sutton, the fact that she had been raped, and repeated this to all of the teachers on the Monday following; the contention being that a considerable time had elapsed, with good opportunity for her to have told of the occurrence; and that her statement was not voluntary, in that it was elicited by her teacher by repeated questioning.

Considering the last phase of this question first, was the statement of the prosecutrix to her teacher in fact voluntary? The testimony tends to show that the alleged crime was committed on Friday; that on Monday she went to school, was nervous, and cried, and, when asked by her teacher the cause of her trouble, evaded the question; that on Tuesday much the same thing occurred, and she was excused from reciting in her classes. On Wednesday, when her teacher found her crying, and urged her to tell the cause of her trouble, she did so. Under the circumstances we cannot say that the statement was involuntarily made, and the objection on that ground is not tenable.

By this, however, we are not to be understood as saying that the testimony would not have been admissible unless the statement was voluntarily made. This was not in the nature of a confession or admission as those terms are generally used and understood in the decided cases or text-books, and the rule governing there has no application here.

The evidence was properly admitted, and the question as to whether the statement was made under coercion, or otherwise than voluntarily, was one which affects the weight, rather than the admissibility, of the evidence, and was a matter properly for the jury's consideration. Under the information in this case, which charged that the prosecutrix was under the age of consent, viz., under the age of 16 years, it will readily be ob-

served that the rule, which has often been promulgated, with references to cases of rape where force and resistance thereto were the gist of the offense, and which required the injured party to make immediate outcry or report of the occurrence at the first opportunity, or stand discredited as to her testimony given at the trial if she failed to do so, has no application here. But, the prosecutrix having made the statement of her injury and of its accomplishment by force, then the rule which requires that, if such statement be made at all, it must be made immediately after the occurrence in order to render the testimony that it was made admissible, became applicable.

Was the testimony then properly admitted; in other words, is there any fixed and definite time within which such declarations must be made in order for the evidence of their having been made to be admissible, and what, if any, explanation has the prosecutrix to make for not having spoken sooner? In the first place, she testified that she was naturally reluctant to tell any one; that she would not tell her stepmother, for they were not on good terms, did not get along well together, and frequently had trouble; that she disliked her stepmother very much, and, further, that her stepmother knew of the improper relations existing between her and defendant, she having once caught them in the act. She further says she was afraid to tell her father, for fear he would not believe her, and would think she had consented. With this explanation before the court, can it be said that the testimony should not have been admitted? In *Higgins* v. *People*, 58 N. Y. 377, Church, Chief Justice, speaking for the court, says: "The proposition [which the court was requested to charge] is, doubtless, substantially correct, although it is quite general, and somewhat vague. Any considerable delay on the part of a prosecutrix to make complaint of the outrage constituting the crime of rape is a circumstance of more or less weight, depending upon the other surrounding circumstances. There may be many reasons why a failure to make immediate or instant outcry should not discredit the witness. A want of suitable opportunity or fear may sometimes excuse or justify a delay. There can be no iron rule on the subject.

The law expects and requires that it should be prompt; but there is and can be no particular time specified." The above authority is pertinent only as to the question of the lapse of time between the outrage and the statement of the prosecutrix, and is not to be considered in this connection as in any wise suggesting that the law expected or required that the prosecutrix in this case should make complaint, she being under the age of consent. So, in *People* v. *Gage,* 62 Mich. 271, 28 N. W. 835, 4 Am. St. Rep. 854, it is said: "It is contended that the testimony ought not to have been received because of the lapse of time after the outrage and the statement to the mother. The lapse of time occurring after the injury and before complaint made is not the test of admissibility of the evidence, but it may be considered as affecting its weight." We may conclude, therefore, that the rule requiring immediate complaint is not inflexible, and that, if reasonable circumstance cause delay, the effect is simply for the jury, and their province as to that fact will not be invaded by the court. (3 Rice, Ev. 827; *State* v. *Shettleworth,* 18 Minn. 208 (Gil. 191); *Oleson* v. *State,* 11 Neb. 279, 9 N. W. 38, 38 Am. Rep. 366; *State* v. *Knapp,* 45 N. H. 148; *State* v. *Niles,* 47 Vt. 82; *People* v. *Snyder,* 75 Cal. 323, 17 Pac. 208.)

The third and last contention of counsel is that the evidence is insufficient to support the judgment, because the verdict rests upon the uncorroborated testimony of the prosecutrix; that her testimony is contradictory within itself; that she was contradicted by numerous witnesses, and that she was impeached.

Upon the first proposition it is sufficient to say that it has been quite generally held by courts of last resort in this country, in the absence of any statute, that such a conviction is proper, and will not be disturbed for lack of evidence corroborating the prosecuting witness; while Section 3120 of the Code of Civil Procedure of Montana provides that the direct evidence of one witness, who is entitled to full credit, is sufficient for proof of any fact except perjury and treason, and the question of the credibility of this witness was one for the jury's determination exclusively. However, in passing, we may say that we do not

agree with counsel that there was no corroborating evidence. The letter written by the defendant to the prosecuting witness after his arrest and before his trial must have had considerable weight with the jury, and in a material degree corroborates her testimony. There are no material contradictions in the testimony of the prosecutrix, and, if she was contradicted by others, it is sufficient to say that a verdict will not be disturbed on account of a conflict in the evidence, if there is evidence to support it (*State* v. *Allen,* 23 Mont. 118, 57 Pac. 725; *State* v. *Hurst,* 23 Mont. 484, 59 Pac. 911) ; and Subdivision 2 of Section 3390 of the Code of Civil Procedure provides that the jury are not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number, satisfying their minds.

It is sufficient to say, with reference to the claim that the prosecutrix was impeached, that certain witnesses testified that her reputation for truth and veracity is bad, while even a greater number testified that such reputation is good. It was for the jury to determine from the evidence what credit should be given to the testimony of the prosecutrix.

We are satisfied, upon a careful examination of the record, that the evidence is sufficient to support the verdict, and that there is no merit in the errors assigned.

The judgment and the order appealed from are affirmed.

*Affirmed.*