## STATE, RESPONDENT, v. CONWAY, APPELLANT.

(No. 2,556.)

(Submitted November 24, 1908.　Decided December 17, 1908.)|

[98 Pac. 654.]

*Criminal Law—Intoxicating Liquors—Selling to Females—Information—Sufficiency—Evidence—Review.*

Criminal Law—Intoxicating Liquors—Selling to Females—Information—Sufficiency.

1.　An information charging defendant with having permitted a female to be or remain in his saloon for the purpose of being there supplied with liquor,—contrary to the provisions of section 8385, Revised Codes,—which alleged that defendant was "then and there" the owner and manager having charge and control, was sufficient to apprise him that he was accused of being in control "for the time being" (the words used in the statute), and therefore sufficient under section 9155, Revised Codes, providing that words used in a statute to define a public offense need not be strictly pursued in the information, but words conveying the same meaning may be used.

Same—Evidence—Sufficiency.

2.　Evidence adduced in a prosecution for the offense of allowing females to remain in a saloon for the purpose of being supplied with liquor, *held* sufficient to show that defendant, who had formerly owned the saloon but had sold it to his nephew, was for the time being in actual charge and control of the saloon.

Same—Verdict—Evidence—Sufficiency.

3.　A verdict of conviction of a public offense will not be disturbed on appeal where the evidence, though conflicting, is sufficient to sustain it.

*Appeal from District Court, Yellowstone County; Sydney Fox, Judge.*

WILLIAM CONWAY was convicted of suffering or permitting females to be or remain in a saloon for the purpose of being supplied with liquor, and appeals from the judgment of conviction and from an order denying him a new trial.　Affirmed.

*Mr. John T. Smith,* and *Mr. Fred H. Hathhorn,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The above-named defendant was convicted in Yellowstone county of the offense described in section 8385, Revised Codes, as follows: "It shall be unlawful for any owner, licensee, manager, clerk, agent, bartender, or other employee, having for the time being charge or control of any saloon, or any place connected therewith, either by doors or otherwise, to suffer or permit any female person to be or remain in such saloon, or place connected therewith, for the purpose of being there supplied with any kind of liquor whatsoever. Provided, that when a barroom is maintained in any hotel, this act shall not be construed to apply to the parts of the building where the other business of the hotel is transacted." He appeals from the judgment pronounced against him, and also from an order denying a new trial.

But two contentions are advanced in the appellant's brief: (1) That the information does not state a public offense, in that it fails to charge that the defendant was in control, "for the time being," of the saloon; (2) that the evidence is insufficient to support the verdict, and the verdict is contrary to law. These points will be considered together.

The information charges that the defendant was "then and there the owner and manager having charge and control" of the saloon. The cause was tried upon the theory that the defendant could not be convicted unless he was in actual charge at the time, even though he was owner or manager. The court instructed the jury that they must not convict the defendant unless they were satisfied that he was in actual charge for the time being, even though he might have been in general charge as owner. manager, agent or bartender. The information alleges that the defendant was "then and there" in charge and control. This allegation was amply sufficient to apprise the defendant that he was accused of being in control for the time being, and to enable him to understand the nature of the charge against him. Words used in a statute to define a public offense need not be strictly pursued in the information, but other words

conveying the same meaning may be used. (Revised Codes, sec. 9155.) We conclude, therefore, that the information was suffi-cient to charge the defendant with being in control "for the time being."

Defendant does not complain of the instructions, and cannot consistently do so, because the court distinctly told the jury that general ownership or management was not sufficient to bring the defendant within the terms of the statute. It only remains, then, to determine whether the verdict, in the light of the instructions, is supported by the evidence.

It appears that the defendant had previously owned the premises, but, having been convicted of the same offense for which he is now being prosecuted, had sold the place on June 12, 1907, to one Loman, his nephew. Two deputy sheriffs testified that on the night the second offense is alleged to have been committed they found defendant on the premises in company with other persons; that he ordered beer to be brought in, that two women drank of it; that defendant wore an apron, and stated to the officers that his relative had gone away and left him in charge of the place. This testimony was contradicted, but it was sufficient, if the jury believed it, to warrant the conclusion that defendant was, for the time being, in actual charge and control of the saloon. This being the case, we cannot disturb the verdict or judgment. (*State* v. *Allen,* 23 Mont. 118, 57 Pac. 725; *State* v. *Hurst,* 23 Mont. 484, 59 Pac. 911; *State* v. *Ford,* 26 Mont. 1, 66 Pac. 293; *State* v. *Howell,* 26 Mont. 3, 66 Pac. 291.)

We find no error in the record of which the defendant can complain, and the judgment and order appealed from are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.