# RONEY *v.* UNITED STATES.

CRIMINAL LAW; EVIDENCE; LEADING QUESTIONS; TRIAL; MISCONDUCT OF COUNSEL; BURDEN OF PROOF.

1. In a prosecution for having had carnal knowledge of a child of tender years, questions asked the child on direct examination by the prosecutor as to what she meant by one of her statements, and whether she said or did anything at the time of the occurrence, are not subject to an objection by the accused that they are leading, as they tend to elicit, and not suggest, the facts.

2. The fact that a child of whom the accused is charged with having had carnal knowledge made complaint to her mother two nights and a day after the occurrence is competent evidence for the prosecution when testified to by the mother, who does not testify to the particulars of the complaint; and it is also competent for the mother to testify in such a case as to the physical condition of the child and of her clothing.

3. Where, in a prosecution for having had carnal knowledge of a child, the counsel for the accused objected to a statement made by the prosecutor in his argument to the jury, to the effect that before there could be a finding of not guilty, the jury must account for the condition of the child's clothing and for certain physical conditions present in the child as testified to by witnesses, whereupon the trial court suggested that the prosecutor was not talking about any change of the burden under the law which compels the government to prove everything that makes up the crime beyond a reasonable doubt, but was merely drawing inferences from the evidence, which he had the right to do, it was *held* that no error had been committed.

4. Where, in a carnal knowledge prosecution in which the verdict might have been not guilty, guilty as indicted, or not guilty as indicted, but guilty of attempt to have carnal knowledge, the foreman of the jury responding to the question of the clerk as to what the verdict of the jury was, replied, "Guilty," whereupon the clerk said, "Guilty as indicted," and the court thereupon ordered the jury to retire and reconsider the verdict, the result being a verdict of "guilty under the first count," which charged carnal knowledge, it was *held* that the remark of the clerk had not prejudiced the accused; and

also the fact that the clerk had not polled the jury was not error, in the absence of a request by the accused to have the jury polled.

5. Section 953 of the Rev. Stat., as amended by the act of Congress of June 5, 1900 (31 Stat. at L. 270, chap. 717, Comp. Stat. 1913, sec. 1590), providing that in the case of the death of the presiding judge, any judge of the same court may sign a bill of exceptions, if the evidence in the case has been taken stenographically, or if the judge is satisfied by any other means that he can allow a true bill of exceptions, is in force in this District, not being inconsistent with any legislation locally applicable. (Citing *Johnson* v. *United States*, 38 App. D. C. 347.)

No. 2765.　Submitted April 26, 1915.　Decided May 10, 1915.

HEARING on an appeal by the accused from a judgment of conviction of the Supreme Court of the District of Columbia on an indictment of the accused for having had carnal knowledge of an infant.　　　　　　　　　　　　　　*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Hugh W. Roney, was convicted in the supreme court of the District under an indictment charging him with having carnally known Marian V. Hagan, a girl of twelve years. At the time of the occurrence he was "a full grown man" and lived upon a houseboat. Marian Hagan and Hazel Knauss, one year older than Marian, were in the vicinity. Appellant recognizing Marian, whom he had met once before, invited the girls aboard his boat. The evidence tended to show that he finally persuaded Marian to have sexual intercourse with him; that he gave her some money and cautioned the girls not to tell what had occurred. Fearing that her mother would punish her, Marian did not go home, but spent the night on the porch of a vacant house, and the next night went to her grandmother's, going home the following morning.

*Mr. J. A. O'Shea* for the appellant.

*Mr. John E. Laskey,* United States District Attorney, and *Mr. S. McC. Hawken,* Assistant, for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

In her direct examination the injured child, having testified to what took place, was asked what she meant by one of her statements, and whether she said or did anything at the time of the occurrence in question. This is assigned as error, the ground of the assignment being that the questions were leading. There is no merit in the contention. The nature of the occurrence and the tender years of the child fully justified the questions asked, which merely tended to elicit, and not to suggest, the facts.

The mother of the complaining witness was allowed to state that the child had complained to her, and was also permitted to describe certain physical conditions present in the child and the appearance of her clothing. The defendant objected to this testimony because two nights and one day had elapsed; in other words, because the testimony was too remote. It is a well-settled rule that the fact that a complaint was made soon after the assault is competent evidence, and that the time which intervened between the commission of the crime and the making of the complaint is a subject for the consideration of the jury in passing upon the weight of the evidence. *State* v. *Peres,* 27 Mont. 361, 71 Pac. 162; *State* v. *Sudduth,* 52 S. C. 488, 30 S. E. 408; *People* v. *Bernor,* 115 Mich. 695, 74 N. W. 184; *State* v. *Niles,* 47 Vt. 82, 1 Am. Crim. Rep. 646; *State* v. *Peterson,* 110 Iowa, 647, 82 N. W. 329; *Com.* v. *Cleary,* 172 Mass. 175, 51 N. E. 746. The witness did not testify to the particulars of the complaint, but merely to the fact that one had been made.

There can be no doubt that the mother was competent to testify to physical conditions which would have been apparent to anyone upon inspection, and also to testify to the condition of the child's clothing. The witness did not attempt to do more than this. In other words, she stated conditions which she found, and it was for the jury to say what produced them. The weight of such testimony depends in each case upon the surrounding circumstances. *State* v. *McLaughlin,* 44 Iowa,

83; *State* v. *Suddulh,* 52 S. C. 490, 30 S. E. 408; *Turman* v. *State,* 50 Tex. Crim. Rep. 13, 95 S. W. 533; *State* v. *King,* 117 Iowa, 484, 91 N. W. 768.

In presenting the case to the jury an assistant district attorney suggested that before there could be a finding of not guilty, the jury must account for the condition of the child's clothing and for certain physical conditions present in the child, as testified to by witnesses. Counsel for the defendant excepted to this argument on the ground that it was not incumbent upon counsel for the defendant to account for those conditions. The court thereupon suggested that the prosecuting attorney was "not talking about any change of the burden under the law, which compels the government to prove everything that makes up this crime beyond a reasonable doubt," but was merely drawing inferences from the evidence, which he had a right to do. We agree with the trial court.

The court instructed the jury that any one of three verdicts was possible: "Not guilty; guilty as indicted; or not guilty as indicted, but guilty of attempt to have carnal knowledge." When the jury returned they were asked by the clerk whether a verdict had been agreed upon, and answered in the affirmative. The clerk then inquired of their foreman what the verdict was, and he answered, "Guilty." The clerk thereupon said, "Guilty as indicted." Counsel for the defendant thereupon noted an exception to the clerk's remark. The court then ordered the jury to retire and reconsider its verdict, the result being a verdict of "guilty under the first count," which was the count charging carnal knowledge. Counsel for the defendant excepted to the recording of this verdict on the ground that the jury had been improperly influenced by the suggestion of the clerk, and upon the further ground that the clerk had not polled the jury. It would be a sad reflection upon the intelligence of jurors should we rule that the verdict as first rendered could possibly have meant other than guilty as indicted. They certainly did not mean that the defendant was not guilty, and we think it equally clear that they did not mean that he was guilty of merely an attempt to have carnal knowledge. How-

ever, all possible ambiguity was removed when they found the defendant "guilty under the first count." The suggestion that the jury was improperly influenced by the clerk's correct interpretation of the verdict as first rendered is too farfetched to require consideration. The defendant did not ask to have the jury polled. The failure to do so, therefore, was not error. In the absence of any showing to the contrary, we must assume that the usual practice was followed to the end that any misapprehension that might have existed concerning the verdict could be corrected. *Givens* v. *State*, 76 Md. 485, 25 Atl. 689; *Com.* v. *Tobin*, 125 Mass. 203, 28 Am. Rep. 220.

The justice presiding at the trial having died, a bill of exceptions was signed by his successor, "after an examination of the minutes of the trial court and the typewritten report of the stenographic notes of the trial," the court being satisfied that he could allow "a true bill of exceptions." Counsel for the defendant found no fault with the exceptions allowed, but reserved an exception "to the authority of the court to sign the same." While counsel, both in his brief and in the argument at bar, did not insist upon this point, we will briefly notice it. In *Malony* v. *Adsit*, 175 U. S. 281, 44 L. ed. 163, 20 Sup. Ct. Rep. 115, it was ruled that under sec. 953 of the Revised Statutes, Comp. Stat. 1913, sec. 1590, a bill of exceptions would not be deemed sufficiently authenticated unless signed by the judge who sat at the trial, or by the presiding judge if more than one sat. Thereafter the section was amended by the act of June 5, 1900 (31 Stat. at L. 270, chap. 717, Comp. Stat. 1913, sec. 1590), so as to authorize, in a case where a judge before whom a case has been tried is, by reason of death or other disability, unable to hear and pass upon a motion for a new trial, the signing of a bill of exceptions by the judge who succeeds such trial judge, or by any other judge of the court in which the case was tried, holding such court thereafter, "if the evidence in such case has been or is taken in stenographic notes, or if the said judge is satisfied by any other means that he can pass upon such motion and allow a true bill of exceptions." If the judge is not satisfied that he can fairly pass

upon· such motion and allow and sign such bill of exceptions, he may, in his discretion, grant a new trial.   Section 953 as amended being of general application, and not inconsistent with any legislation particularly applicable to the District of Columbia, is controlling in this jurisdiction.   *Johnson* v. *United States,* 38 App. D. C. 347, 225 U. S. 405, 56 L. ed. 1142, 32 Sup. Ct. Rep. 748.

This disposes of every exception of sufficient gravity to warrant notice.   Judgment will therefore be affirmed.   *Affirmed.*