## STITELY v. UNITED STATES.
### No. 594.

Municipal Court of Appeals for the
District of Columbia.
May 5, 1948.

Charles H. Garlock, of Washington, D. C., appointed by this court, for appellant.

Richard M. Roberts, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty., and Sidney S. Sachs, Asst. U. S. Atty., both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Defendant appeals from a conviction on a charge of assault allegedly committed upon a woman seated next to him on a streetcar.[1]

The woman, who was the only witness for the Government, testified that she was a passenger on a streetcar; that defendant seated himself beside her; that while his hand was protected from view by his coat and a newspaper he put his hand up under her dress and upon her leg between her knee and hip; that being greatly embarrassed and anxious to avoid attracting attention to herself and having previously intended leaving the streetcar at the next stop she arose from her seat, walked to the front door of the car and left it when it came to a stop.

On cross-examination the witness was asked if she had not waited two weeks after the incident before reporting it to the police and she answered in the affirm-

---

[1] Code 1940, § 22—504, provides: "Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than five hundred dollars or be imprisoned not more than twelve months, or both."

ative. On redirect examination the witness was asked why she had waited; she hesitated, turned to the judge and said she did not know whether she was permitted to answer the question. The judge made no reply and defense counsel made no objection to the question; thereupon Government counsel restated the question. Witness replied that she had not intended to report the incident, but two weeks after its occurrence she saw defendant on a streetcar in which she was a passenger and saw him commit a similar assault upon another woman, and that was the reason she had reported her experience to the police. Defense counsel objected to the answer and moved for a mistrial. The motion was denied. The Government rested its case and no testimony was offered on behalf of defendant. The jury returned a verdict of guilty.

Defendant charges there was error in allowing the complaining witness to testify as to an alleged assault committed upon another person at a time two weeks after the assault upon her, charged in the information. We think the testimony was admissible. That it had a tendency to show defendant was guilty of another offense was not sufficient ground for excluding it, if otherwise competent. Moore v. United States, 150 U.S. 57, 14 S.Ct. 26, 37 L.Ed. 996; Suhay v. United States, 10 Cir., 95 F.2d 890, certiorari denied, 304 U.S. 580, 58 S.Ct. 1060, 82 L.Ed. 1543. It was competent to rebut an issue raised by defendant. " * * * evidence which incidentally reveals the commission of a crime other than the one named in the indictment may, nevertheless, be received if it tends to defeat the defensive theory or rebut an issue raised by the defense." Bracey v. United States, 79 U.S.App.D.C. 23, 28, 142 F.2d 85, 90, certiorari denied, 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589.

The fact that there was a delay in making complaint was first brought into the case by defendant on cross-examina-

tion of the prosecuting witness. By so doing defendant sought to obtain a substantial advantage. In rape cases and other cases of the nature of a sexual assault, delay in making complaint is a subject for consideration of the jury and may seriously affect the credibility of the complaining witness. Roney v. United States, 43 App. D.C. 533; Lyles v. United States, 20 App. D.C. 559; Wigmore, Evidence (3d Ed.), §§ 284 and 1135. Defendant having injected this issue in the case and secured a favorable admission, the Government was entitled to meet it by explaining the delay. Wharton's Criminal Evidence (11th Ed.), §§ 384 and 1334. Whether the answer of the witness be considered an explanation of why she delayed reporting or an explanation of why she made the delayed report is immaterial. The effect is the same. The Government's case stood or fell on the credibility of its only witness. When that credibility was attacked by showing delay in complaint, the Government was entitled to show why a prompt report was not made and why a delayed report was made. A witness may be re-examined by the party calling him upon all topics on which he has been cross-examined for the purpose of explaining any new facts which came out. Nunan v. Timberlake, 66 App. D.C. 150, 85 F.2d 407; People v. Buchanan, 145 N.Y. 1, 39 N.E. 846, error denied, 158 U.S. 31, 15 S.Ct. 723, 39 L.Ed. 884. See also Gin Bock Sing v. United States, 9 Cir., 8 F.2d 976.

The testimony being competent, the trial court properly denied defendant's motion for a mistrial. Had defendant so requested, he was entitled to have the jury instructed that the witness' answer was to be considered only in respect to the delay in making complaint and not as evidence that the offense charged was committed. However, the record shows no such request; no error in instructions is claimed; and the instructions are not set forth in the record. The record discloses no error.

Affirmed.