STATE, APPELLANT, *v.* CAIN, RESPONDENT.

[Submitted September 16, 1895. Decided September 23, 1895.]

CRIMINAL PRACTICE—*Leave to file information—Revocation.*—The district court may properly revoke its leave given to the county attorney to file an information against a county commissioner, charging him with extortion, where it appeared upon motion to set aside the information, that the grand jury had investigated the defendant's conduct, and, while finding that illegal payments had been made to him, found no indictment, and no showing was made by the county attorney either at the time of the filing of the information or at the time of defendant's motion, that the case was a proper one for further prosecution. (*State* v. *Brett*, *ante*, page 360, cited.)

*Appeal from Third Judicial District, Granite County.*

INFORMATION for extortion. Defendant's motion to set aside the information was granted by BRANTLEY, J. Affirmed.

*W. L. Brown, D. M. Durfee* and *Smith & Word,* for the State, Appellant.

*Rogers & Rogers,* for Respondent.

HUNT, J.—Upon the 7th of May, 1894, by leave of court first obtained, the county attorney of Granite county filed an information against the defendant, George B. Cain, a member of the board of county commissioners of Granite county, for corruptly and extorsively taking and receiving a warrant for $110.40, part of which amount was a charge made by said Cain, as county commissioner, for inspecting and supervising the construction of a sewer about the county jail of Granite

county, for which services there was no authority of law to charge, and that the said charge was made with fraudulent intent.

On the 14th of May, 1894, the defendant moved to set aside the information, because, at the time the information was filed, and leave of court was asked by the county attorney, the county attorney had made no statement to the court of the evidence or reason upon which the same was based, and the court did not require the same of him, and was not informed at that time, in any manner or way, by any person, of the offense, or the facts upon which the county attorney had determined to present the said information. This motion was supported by the affidavit of W. B. Rodgers, one of the attorneys for the defendant. Rodgers' statement was to the effect that the county attorney, when he asked leave to file the information, made no statement to the court, and gave no information to the court which he may have had, and upon which he based the information, or his belief that the defendant was guilty of the offense charged; nor did the court inquire into the matter at all; nor was the court informed, in any manner, or at all, at the time of filing the information, of any facts which had come to the knowledge of the county attorney, or to the knowledge of anybody, and which had caused the county attorney to file the information against the defendant.

Affiant further stated that it appears by the report of the grand jury that at the March term of said court a grand jury had made an examination, as appears from their report, of the affairs of the county commissioners of Granite county, and into the conduct of the offices of the county commissioners during the year 1893, and that said grand jury failed to indict the said George B. Cain for any offense whatever.

It further appears by the record that, at the time the county attorney asked leave to file the information against the defendant, the report of the grand jury, which had been made in March preceding the time of filing the information, was on file with the clerk of the district court of Granite county. By this report the grand jury found that the defendant had illegally

been paid moneys for inspecting the jail and sewer. No indictment was presented. The excess of payment was the basis of the criminal charge contained in the information subsequently filed for extortion. The court sustained the motion to dismiss the information, and ordered the defendant discharged, and his bondsmen exonerated. The state duly excepted, and appeals from the decision and judgment.

This case is within the rule laid down in *State* v. *Brett, ante,* page 360, where it was held that, if an instance should arise where a county attorney oppressively, maliciously, or otherwise illegally should attempt to unjustly harass any citizen by filing an information against him charging him with crime, the court, either of its own motion, or upon proper showing, would suspend or deny its leave to file a charge until an inquiry could be had into the reasons for the official acts of the county attorney in filing the information, and until it satisfactorily appeared by the showing made that the case was one where an information should be filed.

The affidavit of W. B. Rodgers was sufficient to have warranted the court in refusing leave to permit an information to be filed against the defendant until some showing was made by the county attorney for charging the defendant with a crime based upon the identical acts into which a grand jury had inquired, but for the doing of which they had failed to find a true bill. The fact that the information was already on file when these facts were brought to the attention of the court cannot affect the right of the court to revoke the leave already granted. If the court, in the exercise of its sound judicial discretion, had a right to withhold its leave to file the information at all until inquiry could be had, under the limitations discussed in the Brett case, *supra,* it had a right to revoke its leave, where the defendant, directly after his arrest, and at the first opportunity presented, brought to the notice of the court the fact that his conduct had already been investigated by a grand jury, and no true bill had been found. Such was the effect of the defendant's motion. It brought to the attention of the court matters upon the presentation of which the

court, in its discretion, and for apparent good cause, suspended its approval to file the information, by revoking its former leave, and setting aside the subsequent proceedings. The record discloses no request thereafter by the county attorney to file another information, and no attempt on his part to demonstrate to the court that the case was a proper one for further prosecution.

The action of the district court being within its discretionary power, and without abuse thereof, the judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and DEWITT, J., concur.