STATE OF MONTANA, RESPONDENT, *v.* MARTIN BOWSER, APPELLANT.

[Submitted May 9, 1898. Decided May 16, 1898.]

*Information—Leave to File—Jury List—Presumption· that Officers Have Acted in Accordance with Law—Rape—Evidence of Relation Between Defendant and Prosecuting Witness—Age, Evidence of—Cross-Examination—Age of Prosecuting Witness—Force—Instructions.*

1. INFORMATION—*Leave to File.*—Under Section 8, Article 3, of the Constitution, and Section 1382, Penal Code, prosecutions in the district court may either be by information, in cases where there has been an examination and commitment or admission to bail by magistrate, in which case an order of the court is not necessary; or by information filed by order of the court upon the written motion of the county attorney, which may be done without such examination.

2. SAME.—Where the information is filed by leave of court, it need not be entered in writing before the filing of the information; but after the arrest of the defendant, the minutes of the court may be corrected so as to amend the order.

3. JURY LIST—*Presumption that Officers Have Acted in Accordance with Law.*—If the officials, whose duty it is to make up the jury list, purposely omit to put upon the jury list the names of persons competent and qualified to serve as trial jurors, a challenge should be sustained as to the whole panel. But the presumption is that the officials have done their duty and that the lists were properly made up, until the contrary is made to appear; and this presumption is not overcome by a mere offer of proof to the contrary not accompanied by an affidavit, and without calling a witness or asking leave to call one, and then tendering such proof.

4. RAPE—*Evidence of Relation Between Defendant and Prosecutrix.*—In a prosecution for rape, it is not error to allow the state to show that the defendant is the father of the prosecuting witness.

5. AGE—*Evidence of.*—In such an action, the prosecuting witness may testify as to her own age.

6. SAME.—Where the witness upon direct examination is testifying concerning her age, it is not error to deny the request of defendant to interrogate her as to her knowledge of her age; defendant being allowed to make such investigation upon cross-examination.

7. RAPE—*Age of Prosecuting Witness—Force.*—Under Section 450, Penal Code, in a prosecution for rape, the question of force is immaterial where the prosecuting witness is under 16 years of age.

8. RAPE—*Evidence of Force.*—Upon the evidence in this case, it was held that the evidence showed the rape was committed by force.

9. INSTRUCTIONS.—It is not error to refuse an instruction requested by the defendant, when the court has already correctly and fully instructed the jury on the same subject.

*Appeal from District Court, Flathead County; Charles W. Pomeroy, Judge.*

Martin Bowser was convicted of rape upon a child under 16 years of age, and he appeals.   Affirmed.

*Geo. H. Grubb* and *H. G. Swany*, for Appellant.

*C. B. Nolan*, for Respondent.

HUNT, J.   Defendant was convicted of rape upon a child under the age of 16 years.   He was sentenced to the penitentiary for life, and appealed from the judgment and an order overruling a motion for a new trial.

1.   Defendant specified as error the order of the court denying his motion to quash the information under which he was arraigned.   The ground of this motion was that defendant had not been legally committed by a magistrate before the filing of the information.   It was a fact not disputed that defendant never had had a preliminary examination, and never had waived any right to the same.   The Constitution of the State, Section 8, Article 3, provides that:   "Criminal offenses of which justices' courts and municipal and other courts, inferior to the district courts, have jurisdiction, shall, in all courts inferior to the district court, be prosecuted by complaint.   All criminal actions in the district court, except those on appeal, shall be prosecuted by information, after examination and commitment, by a magistrate, or after leave granted by the

court, or shall be prosecuted by indictment without such ex-
amination or commitment, or without such leave of the
court.  *   *   *"

The Penal Code, Section 1382, supplements the constitu-
tional provision quoted by separately recognizing the two in-
stances where prosecution must be by information:

(1) In all cases where there has been an examination and
commitment, and commitment or admission to bail, by a mag-
istrate, on a charge of crime; or,

(2) In any case where there has been no examination or
commitment or admission to bail, upon leave granted by the
court for that purpose.

The information here expressly recites that "*   *   * in
open court, on the 20th day of April, A. D. 1896, comes the
county attorney, first having obtained leave of the court,"
etc.  This averment makes the information, on its face, a
valid and constitutional exercise of the authority vested in the
county attorney to file the written accusation.

We said in the case of *State* v. *Brett*, 16 Mont. 360, 40
Pac. 873: "It is not necessary, in order to vest power in the
county attorney to file an information, that there shall be a
preliminary examination and commitment.  He may act, after
leave has been granted by the court, in a case like the one at
bar, where there may not have been any charge or informa-
tion before a committing magistrate."  And we say now,
further, that there can be no interpretation put upon any
statute of the state which will take away the constitutional
right of prosecution by information filed in the district court
after leave has been granted by the court, where there has
been no examination and commitment, or where there has
been no prosecution by indictment.

The true construction of Section 1910 of the Penal Code is
that an information must be set aside:  First, if it be a fact
that leave to file the same has not been granted by the court;
or, second, if it be a fact that before the filing thereof the
defendant had not been legally committed by a magistrate;
and, third, that it was not subscribed by the county attorney,
or attorney prosecuting.

Yet all of the facts enumerated in the first two of these subdivisions need not exist, as prerequisites to filing an information. To hold otherwise would be to destroy the meaning of the disjunctive clauses of the constitutional section heretofore quoted, which expressly authorizes prosecution by information filed by leave of court without examination and commitment, or, after examination and commitment, without the leave of court.

Section 1910 must therefore be construed, not as prescribing one indispensable method of procedure, and but one only, but as pertaining to the two constitutional methods of procedure where an information is filed, either one of which is indispensable, yet either of which is correct, as the conditions and facts of the case may warrant. Nothing in the case of *State* v. *Mansfield*, 19 Mont. 483, 48 Pac. 898, in any way conflicts with these views. The decisions of the California courts cited by appellant are also inapplicable, for the reason that the constitution and laws of that state do not allow the procedure of filing an information after obtaining leave of court.

In *State* v. *Brett, supra*, it was said: "In California, by Section 8, Article 1, of the Constitution, offenses shall be prosecuted by information, after examination and commitment; and by Section 995 of the Penal Code of California an information shall be set aside, if, before the filing thereof, the defendant has not been legally committed by a magistrate. (*People* v. *Christian*, 101 Cal. 471, 35 Pac. 1043.) Procedure like that of Montana, after obtaining leave of court, is not known to that state; and it is well to note that the annotations to Sections 1730 and 1910 of the Penal Code now in force are not made with relation to the proper effect to be given to the authorization in the Constitution of Montana permitting informations to be filed where leave of court has been obtained, without regard to whether there has been any preliminary examination before a magistrate."

The sequel of these views is that the court properly denied the motion to quash.

2.    A second motion to quash was filed, based upon the ground that leave to file the information had not been granted by the court, because no order granting such leave was ever made or entered by the court as is required by law.    To support this motion, A. W. Swaney, clerk of the court, swore, by affidavit dated April 23, 1896, ''that the only orders made by the said court concerning the above-entitled cause are those on page 606 of the minute book or journal of said court; that no order in writing has ever been filed in said court or cause, by the district judge thereof, or any other person, granting leave to file an information charging the above-named defendant with the crime set forth in the information in said cause, or any other crime.''

The court overruled defendant's motion, which action of the court is assigned as error.    The orders made by the court, and referred to in Swaney's affidavit, are that ''on motion of the county attorney it was ordered that the minutes of April 20, 1896, page 606, be corrected to read as follows:    'The county attorney in open court files and presents his motion to the court, asking for leave to file an information against one Martin Bowser.'    Thereupon the court, after hearing and fully considering said motion, ordered that leave be granted the county attorney to file said information.''    Appellant's contention is that an order granting leave to file an information must be made in writing, and when so made must be entered and filed, and that, unless it is so made and entered, the filing of the information is a nullity, or the information may be quashed, under Subdivision 1 of Section 1910, Penal Code, *supra.*  The point is not made that there was no leave of court at all obtained before filing the information, but that no order was made in writing, and none was entered; that is to say, that an oral order granting leave to a county attorney to file an information is not valid, and especially is it invalid if not entered in the clerk's minutes.    The answer to this argument is that by the statute it is not necessary that the order of the court granting leave to file an information be an order in writing, other than an entry in the minutes of the court kept by the

clerk.  The judge of the court speaks orally for the court,
and orders that leave be granted.  The judicial act is thus
performed, and thereafter the ministerial duty of the clerk is
to enter the order of the court.  If the defendant is under
arrest or in custody, it is doubtless the duty of the clerk to
enter the order of the court granting leave at once; but if the
defendant has not been arrested—and the presumption here is
that he was not—under Section 1386, Penal Code, the clerk
should not enter the order until immediately after the arrest.
But the validity of the procedure by information is not de-
stroyed, nor is the information rendered a nullity, by an omis-
sion of the clerk, unless it be a fact that leave to file the same
has not been granted by the court.  The procedure under the
Criminal Code relating to the prosecution of criminal actions,
in respect to orders for leave to file informations, is peculiar
to our criminal practice.  Its underlying reason is to render
effective any proceedings taken against a person informed
against, but not under arrest, by withholding from him and
others, except those whose official duty it is to know the fact,
knowledge and opportunity for knowledge that the county
attorney has filed an information, and thus to prevent the de-
fendant's escape.  So the law (Section 1387, Penal Code) for-
bids, not only the disclosure of the fact that an information
has been filed, but even the fact that leave to file has been
granted by the court, until after arrest, and also contemplates
that, if the defendant is at large, the minutes of the court
shall be silent as to the order of the court theretofore made
granting leave to file the information.  Section 1820 of the
Code of Civil Procedure, providing that "every direction of
a court or judge made or entered in writing, and not included
in a judgment is denominated an order," does not apply to an
order granting leave to file an information, or render indis-
pensable the making and entering of such an order in writing
before the defendant is arrested.

The record before us discloses that defendant was informed
against on April 20, and duly arraigned on April 22, 1896.
On April 23d the court ordered the minutes of April 20th

corrected so as to show the application for leave to file the information, and the order that leave 'be granted to file the same. This correction was evidently made to have the record speak the truth, and was but the constitutional exercise of the court's inherent power to supply an omission of the clerk. (*Territory* v. *Clayton*, 8 Mont. 1, 19 Pac. 293.)

3. The defendant challenged the regular panel of the trial jury, on the ground that the officials who made up the jury lists did not enter upon such lists the names of all persons whom they believed qualified to act as trial jurors in the county of Flathead, and who were in fact qualified in law to serve as trial jurors. In support of this challenge the record shows that the defendant "offered to prove by the testimony of at least two of the jury commission that the facts and statements set forth in the challenge as the grounds therefor are true." No further action was taken by defendant, and the court overruled the challenge. This ruling of the court is assigned as error. Section 241 of the Code of Civil Procedure requires the officials whose duty it is to make up the lists of persons to serve as trial jurors to select from the last assessment roll of the county, and make a list of, all persons whom they believe to be competent and qualified to serve as trial jurors, as prescribed in Section 230 *et seq.* of the Code of Civil Procedure. If, therefore, it was a fact that the officers had purposely omitted the names of persons whom they believed to be competent and qualified to serve as trial jurors, the challenge would have been well interposed. But the defendant did not offer to support the challenge by calling a witness, or by filing any affidavits, to sustain the averments of his challenge. It is not an offer to prove to simply state an "offer to prove" by the testimony of a witness that certain facts and statements upon which a party bases a challenge to the panel of a jury are true, without having the witness present and calling him, or asking leave to call him, or without affirmatively showing that the offer is made in good faith, and with the means of doing or trying to do what is desired. (Thompson on Trials, § 685.) The presumption is that the jury lists

were made up according to law, and that the officials who selected the persons on the lists did their duty; and this presumption must prevail until an offer of proof is actually made in good faith, by introducing witnesses or other proof, or actually tendering such proof to the court.   It follows that no error was committed in overruling defendant's challenge.

4.   The county attorney asked the prosecutrix to state the relationship between herself and defendant, if any there was. This question was objected to, but allowed, and she replied that the defendant was her father.   The objection to the question is stated to be that the relationship between the witness and defendant is immaterial, but that the purpose of proving the fact was to prejudice the jury.

No less eminent a jurist than Cooley had occasion to pass upon a like argument in a prosecution for rape, and thus answered it:   "The reason assigned for the objection to this question is that the relationship is an immaterial fact, but that the tendency of the proof of it must be to excite a prejudice against a defendant, whom the nature of the charge always places sufficiently at a disadvantage, and whom it should be the aim of the law to guard against any circumstances which by possibility might prevent a calm and dispassionate investigation of the charge by the jury.   We think, however, that the danger of creating prejudice by such evidence is not sufficiently imminent to excite alarm.   The relationship may be a fact of importance in the case, as bearing upon the reasonableness of the woman's story, and upon the probability of the resistance having been all that was to have been expected if her complaint is well founded.   We have no doubt it was a proper circumstance for the prosecution to prove."   (*Strang* v. *People*, 24 Mich. 1.)

5.   The prosecutrix was permitted to testify as to her own age.   This testimony was objected to, but the objection was overruled.   Recent authorities hold that the age of a prosecuting witness alleged to be under the age of consent may be proved by her own testimony.   (Underhill on Criminal Evidence, § 342;   Wharton's Criminal Evidence, § 236;   *People*

v. *Ratz*, 115 Cal. 132, 46 Pac. 915; *Bain* v. *State*, 61 Ala. 75.)

The fact that the witness derived her knowledge of her age from statements of her parents, of family reputation, does not make it inadmissible. Persons of the age of discretion, and many who are of even tender years, know enough of themselves to state their ages with intelligence and accuracy. Such testimony is often essential to prove age, and for this reason it is competent; being excepted from the rules generally excluding hearsay evidence.

In the appellant's brief his counsel make a point upon the ruling of the court denying their request to interrogate the prosecutrix concerning her knowledge of the fact of her age. But, although the leave to examine the witness was denied while she was testifying in response to questions put to her by the county attorney, it appears that upon cross-examination defendant's counsel had full opportunity to test her knowledge of her age, and did test it, and thereafter moved to strike out all of the testimony of the witness concerning her age, because it was hearsay. The ruling of the court was correct, and no prejudice was done to appellant's rights.

6. The next specification relied on is the overruling of defendant's motion to direct a verdict of acquittal. This assignment is predicated upon the statement that "the evidence fails to show that the defendant used force in accomplishing his purposes." But if the jury found that the defendant had sexual intercourse with the prosecutrix, and that she was under the age of 16 years, the question of force became wholly immaterial. (Section 450, Penal Code.) Whether or not she was under the age of 16 was a question to be determined by the jury, and was fairly submitted to them. There is, however, in the record, testimony by the prosecutrix tending to show that she resisted the efforts of the defendant, and tried to jerk away from him, but that the defendant told her he would kill her if she attempted to get away, and that she was afraid he would carry out his threat, and that he penetrated her person with his. She also said that she never consented, but yielded

because of the threats and force used by the defendant, and not otherwise. Under no circumstances, therefore, is the defendant in a position to complain of the ruling of the court in denying his motion to direct a verdict of acquittal for lack of proof.

7. Error is assigned because of the refusal of the court to give to the jury certain instructions, numbered 1, 3 and 5. Instruction No. 1 was prefaced by informing the jury of the serious nature of the crime, and that the charge is "well calculated to create a strong prejudice against the accused," etc. It then told the jury that, in order to convict, they should find on the part of the woman not merely a passive policy or equivocal submission to the defendant, and that voluntary submission, with the power to resist, removes from the act an essential element of the crime of rape, and if they found that the prosecutrix resisted for a time, and then finally consented, or remained passive, and that she has not been proven, beyond a reasonable doubt, to be under the age of 16, they should acquit the defendant. While this instruction contained much that is the law generally, we see no error in the refusal of the court to give it, inasmuch as the substance of it was included in instructions given.

Instruction No. 3 told the jury that it was necessary for the state to prove that the prosecutrix was under the age of 16 years, or that the defendant had carnal knowledge of the prosecutrix forcibly and against her will. The substance of this instruction was also embraced in the instructions given.

Instruction No. 5 told the jury that in rape a penetration is necessary to complete the crime. This element of the crime was also fairly covered by instructions that were given.

Indeed, after carefully examining the whole charge, we express our approval of it. It was an unusually clear and fair presentation of the law applicable to the crime of rape.

It appearing by the record that the defendant had a fair trial, and that there are no errors in the record, we must affirm the judgment and order appealed from.

*Affirmed.*

PEMBERTON, C. J. and PIGOTT, J., concur.