STATE, Respondent, *v.* CHEVIGNY, Appellant.

(No. 3,336.)

(Submitted January 5, 1914.  Decided January 16, 1914.)

[138 Pac. 257.]

*Criminal Law — Arson—Information—Irregularities—Jurisdiction — Waiver — Circumstantial Evidence — Sufficiency—Instruction—Principal and Accessories.*

Criminal Law—Information—Irregularities—Jurisdiction—Waiver.

1.   The objection that an information was filed, without leave of court, more than thirty days after the committing magistrate had lodged the papers with the clerk of the district court, must be made in writing and before demurrer or plea, or it is waived; hence, where defendant did not raise such an objection to the jurisdiction of the court until after plea and then orally, he was not in a position to complain of the action of the court in overruling the objection.

Same—Arson—Circumstantial Evidence—Sufficiency.

2.   Evidence, entirely circumstantial in character, in a prosecution for arson, *held* sufficient—under the rule that where conviction is sought upon circumstantial evidence, the circumstances proved must be consistent with each other and with the hypothesis of defendant's guilt, and at the same time inconsistent with any rational hypothesis other than that of his guilt—to warrant a finding that defendant, either in person or through the agency of another, set fire to a rooming-house in the night-time.

[Circumstantial evidence is considered in the notes in 62 Am. Dec. 179; 97 Am. St. Rep. 771.]

Same—Instructions—Principals and Accessories.

3.   Where in a prosecution for arson there was some testimony, though not of a very convincing nature, that defendant procured someone to set the fire, the giving of instructions embodying the provisions of sections 8119 and 9167, Revised Codes, abolishing the distinction between principals and accessories, declaring all persons concerned in the commission of crime principals, *etc.*, and the refusal of others directing the jury to find for the defendant unless they were justified beyond a reasonable doubt that he was present personally and set the fire himself, were proper.

*Appeal from District Court, Missoula County; Frank C. Webster, Judge.*

J. L. Chevigny was convicted of the crime of arson and appeals from the judgment and an order denying his motion for a new trial.   Affirmed. ·

Cause submitted on briefs of counsel.

*Mr. W. L. Murphy,* for Appellant.

*Mr. D. M. Kelly,* Attorney General, and *Mr. C. S. Wagner,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Early in the morning of October 25, 1911, a building occupied as a lodging-house, in the city of Missoula, was destroyed by fire. On November 29 the defendant was, after examination by a justice of the peace, held under bail to answer in the district court on the charge of arson for setting fire to the building. The justice transmitted the transcript of the testimony heard by him and all the papers in connection with the case to the clerk of the district court, and they were filed by the latter on December 5. On January 5, 1912, the county attorney filed an information charging the defendant with the crime of arson. Leave of court for this purpose was not asked nor granted. Thereafter the defendant appeared with his counsel and, upon arraignment, waived the reading of the information and at once entered a plea of not guilty. A trial resulted in a verdict of guilty of arson in the first degree. From the judgment entered thereon and an order denying his motion for a new trial the defendant has appealed. Counsel contends that the judgment should be reversed, for that the district court was without jurisdiction to try the defendant upon the information; that the verdict is contrary to the evidence; and that the court committed error in submitting instructions to the jury.

1. The jurisdiction of the court is challenged on the ground that the information was filed without leave of court more than thirty days after the testimony and papers in the case had been [1] filed with the clerk. Under the statute (Rev. Codes, sec. 9105), when the defendant has been examined and committed or held to bail, the county attorney must file an information

within thirty days after the complaint, warrant and testimony have been delivered to the proper district court, or, when there has been no examination, within thirty days after leave granted by the court. He is subject to punishment for contempt and also to prosecution for neglect of duty if he fails to do so, unless he is excused by the court as provided in section 9107. Under section 9193 the court must, at the time of arraignment, on motion set the information aside if leave to file it has not been granted by the court or the defendant has not been committed or held to bail by a magistrate. In order to invoke the power of the court in this behalf, however, the motion must be in writing, subscribed by the defendant or his counsel, and must specify the particular ground of objection. Furthermore, the motion must be made before demurrer or plea, or the objection is waived. (Sec. 9194.) The requirements found in sections 9105, 9107 and 9193 are mandatory. The purpose of them is to spur the county attorney to prompt attention to his duty and to compel him to exercise the extensive powers of his office, so far as they relate to the prosecution of criminal offenses, not arbitrarily but subject to the control of the court and in subordination to established rules. Nevertheless, the observance or nonobservance by him of the rules thus prescribed does not affect the jurisdiction of the court nor the substantial merits of the particular case, but has to do merely with the regularity of previous proceedings. The defendant may insist that they be observed, but he need not do so. If he does not, the court is authorized and required by section 9194 to proceed upon the assumption that all antecedent requirements have been observed. This section is not less mandatory than are the others, and if the defendant does not invoke it at the proper time and in the way pointed out by it, he will thereafter not be heard to complain. (*State* v. *Smith,* 12 Mont. 378, 30 Pac. 679; *State* v. *McCaffery,* 16 Mont. 33, 40 Pac. 63; *State ex rel. Nolan* v. *Brantly,* 20 Mont. 173, 50 Pac. 410; *State* v. *Schnepel,* 23 Mont. 523, 59 Pac. 927; *State* v. *Peterson,* 24 Mont. 81, 60 Pac. 809; *State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1044.) Counsel for the defendant sought

to raise the question of jurisdiction by oral objection to the introduction of evidence at the opening of the trial. The objection was properly overruled.

2. The evidence, the narrative transcript of which covers [2] about 800 typewritten pages, is entirely circumstantial in character. It would extend this opinion beyond any reasonable limits to undertake a statement and analysis even of those portions of it which point most strongly to defendant's guilt. It is sufficient to say that while there is much conflict in the statements of the different witnesses touching many of the important incriminating circumstances, presuming, as we must, that these conflicts were resolved by the jury in favor of the state's witnesses, and accepting these statements as true, we think the evidence as a whole meets the requirement of the rule that when a conviction is sought upon circumstantial evidence, the circumstances proved must be consistent with each other and with the hypothesis of defendant's guilt, and at the same time inconsistent with any rational hypothesis other than that of his guilt. (*State* v. *Suitor,* 43 Mont. 31, Ann. Cas. 1912C, 230, 114 Pac. 112; *State* v. *Allen,* 34 Mont. 403, 87 Pac. 177; 12 Cyc. 488.) On the theory that the incriminating circumstances which the evidence tends to show all in fact existed as stated by the witnesses, the jury could not well have reached any other conclusion than that the defendant, either in person or through the agency of another, set fire to the building as alleged in the information.

3. Contention is made that prejudicial error was committed by the court in submitting to the jury instructions 3 and 4, and [3] in refusing to submit offered instructions 12, 13 and 16. Instructions 3 and 4 are, respectively, copies of sections 8119 and 9167 of the Revised Codes. The former declares principals all persons concerned in the commission of a crime, whether they directly commit the act constituting it or aid and abet in its commission, or, not being present, have advised and encouraged its commission. The latter abolishes the distinction between an accessory before the fact and a principal, and between prin-

cipals in the first and second degree, and declares that all persons concerned in the commission of a felony by aiding and abetting, though not present, must be prosecuted as principals. By offered instructions 12, 13 and 16, the court was requested to direct the jury that they could not convict the defendant unless they should be satisfied beyond a reasonable doubt that he was personally present and set the fire that destroyed the building. The criticism made of instructions 3 and 4 is that there is no evidence to which they could apply, and hence that, though they state correct principles of law, they must have confused and misled the jury to the prejudice of the defendant. The evidence tending to show that the defendant procured the fire to be set by some other person is not very strong or convincing; nevertheless there was evidence tending to show that this may have been the fact. Hence the court was justified in submitting these instructions. Such being the condition of the evidence, it is clear also that instructions 12, 13 and 16 were properly refused.

The judgment and order are affirmed.

*Affirmed.*

Mr. Justice Holloway and Mr. Justice Sanner concur.