STATE, RESPONDENT, *v.* VINN, APPELLANT.

(No. 3,508.)

(Submitted October 26, 1914. Decided November 28, 1914.)

[144 Pac. 773.]

*Criminal Law—Rape—Indictment—Information—Procedure—Waiver—Evidence—Age of Prosecutrix—Public Records—Instructions—Witnesses—Credibility—Jury Question.*

Criminal Law—Indictment—Information—Procedure.
1. After dismissal of an indictment because of insufficiency, defendant could properly be charged with the same crime by information filed by order of the district court, without a preliminary examination.
 [As to right of grand jury to find indictment before or pending preliminary examination, see note in Ann. Cas. 1912D, 145.]

Same—Procedure—Waiver.
2. Under section 9194, Rev. Codes, by entering his plea without a written motion to set aside the information and consenting to go to trial, defendant waived his right to question the propriety of proceedings prior to the filing of the information.

Same—Defective Indictment—Dismissal—Information.
3. *Held,* under section 8, Article III of the Constitution, and section 9204, Revised Codes, that, after dismissal of an indictment because of substantial defects therein, the district court may, but is not required to, submit the case to another grand jury, or permit, or order, the county attorney to file an information charging the defendant with the same offense ineffectually sought to be charged against him by the indictment.

Same—Rape—Evidence—Admissibility.
4. In a trial for rape, the prosecuting witness was properly permitted to testify to acts of sexual intercourse between her and defendant prior to the date of the act charged in the information, such evidence being

admissible in corroboration of her testimony relating to the act for which defendant was on trial.

Same—Rape—Age of Prosecutrix—Evidence—Admissibility.

5.   Testimony, in a rape case, by prosecutrix that she derived knowledge of her age from statements made by her mother and from a certificate of baptism which she had seen at the home of her parents, was not objectionable as hearsay.

Same—Public Records—Evidence—Admissibility.

6.   The school census of the county in which prosecutrix attended school, required by Chapter 76, Laws of 1913 (par. 3, sec. 512) to be kept by the superintendent of schools, was a public record, and as such admissible as *prima facie* evidence, among other things, of the age of prosecutrix.

Same—Rape—Evidence of Prosecutrix—Sufficiency.

7.   Under Section 7861, Revised Codes, the evidence of the prosecutrix alone, if believed by the jury, is sufficient to sustain a conviction of the crime of rape.

Same—Evidence—Precautionary Instruction—Request.

8.   In a prosecution for rape, where the court properly charged that conviction could be had upon the uncorroborated testimony of the prosecutrix, accused was not in a position to complain that the jury were not also charged to weigh her testimony in connection with the other evidence in the case, in the absence of a request and refusal of a special precautionary instruction.

Same—Credibility of Witnesses—Jury Question.

9.   The questions of the credibility of the witness and the weight of the testimony are for the jury.

*Appeal from District Court, Fergus County; Roy E. Ayres, Judge.*

Frank Vinn was convicted of the crime of rape, and appeals from the judgment and order denying him a new trial.

*Mr. John A. Coleman,* for Appellant, submitted a brief and argued the cause orally.

The court erred in admitting the testimony of the prosecutrix as to her age, based upon an alleged baptismal record or certificate, for the reason that any information or knowledge gained by the prosecutrix by reason of any alleged baptismal certificate, would be calling for hearsay testimony; but this kind of evidence could not be received under any circumstances where the mother of the child was present in court as a witness and easily obtainable as such by the prosecution. Baptismal certificate and record is evidence of date of baptism, but not of birth, though stated therein. (*Durfee* v. *Abbott,* 61 Mich. 471, 28 N. W. 521; *Berry*

v. *Hull,* 6 N. M. 643, 30 Pac. 936; *People* v. *Mayne,* 118 Cal.
516, 62 Am. St. Rep. 256, 50 Pac. 654; *Lavin* v. *Mutual Aid Soc.,*
74 Wis. 349, 43 N. W. 143; *Greenleaf* v. *Dubuque & S. C. R. Co.,*
30 Iowa, 301; *Kobbe* v. *Price,* 14 Hun (N. Y.), 55; *Tessmann*
v. *Supreme Commandery etc.,* 103 Mich. 185, 61 N. W. 261.)
The testimony of the mother was best evidence. (*Hermann*
v. *State,* 73 Wis. 248, 9 Am. St. Rep. 789, 41 N. W. 171; *Smith*
v. *Geer,* 10 Tex. Civ. App. 252, 30 S. W. 1108; *State* v. *Woods,*
49 Kan. 237, 30 Pac. 520; *People* v. *Mayne,* 118 Cal. 516, 62 Am.
St. Rep. 256, 50 Pac. 654.)  On a trial for rape the prosecutrix
must testify from her own knowledge as to her age, and not
as to what her mother may have said, especially where the
mother is a witness and is present in court. (*Johnson* v. *State,*
42 Tex. Cr. 298, 59 S. W. 898; *Taylor* v. *Hawkins,* 1 McCord
(S. C.), 164.)

The court erred in admitting the testimony of Alice O'Hara,
with reference to an alleged school census in which it was claimed
was entered the name of Florence Vinn, giving her age, for the
reason that the same is not properly identified, was purely hear-
say and incompetent for the reason that it was not clearly
shown who had made up the record.  Entries in a school census
book as to the age of the prosecutrix are not admissible, and if
offered for the purpose of impeachment it must be shown that
the witness sought to be impeached was the identical person who
gave the information to the school enumerator, as therein re-
cited. (*Battles* v. *Tallman,* 96 Ala. 403, 11 South. 247.)  The
clerk of the school district, who presumably made up the census
book was the proper person to identify the records and state
in what manner the information was secured.

In the absence of a statute requiring corroboration, the unsup-
ported testimony of the prosecutrix, if believed by the jury, is
sufficient to convict of rape; but the defendant should not be
convicted without corroboration where the testimony of the
prosecutrix bears on its face indications of unreliability or im-
probability, and particularly when it is contradicted by other
evidence; and where the evidence preponderates in favor of

defendant, or the verdict appears to have been influenced by less, there is corroboration of prosecutrix. (33 Cyc. 1497; *Mathews* v. *State,* 19 Neb. 330, 27 N. W. 234.)

Where the defendant is charged with the crime of rape, testimony of the prosecutrix with reference to other acts of intercourse before and after the date of the one alleged in the information should be excluded from the consideration of the jury, as such other acts did not tend to directly prove the commission of the particular act relied upon by the state for conviction. The admission of such testimony would greatly tend to influence the minds of the jury, and would be undoubtedly greatly prejudicial in their effect. (*State* v. *Bonsor,* 49 Kan. 758, 31 Pac. 736; *People* v. *Harris,* 103 Mich. 473, 61 N. W. 871; *Parkinson* v. *People,* 135 Ill. 401, 10 L. R. A. 91, 25 N. E. 764; *State* v. *Stevens,* 56 Kan. 720, 44 Pac. 992; *People* v. *Etter,* 81 Mich. 570, 45 N. W. 1109; *People* v. *O'Sullivan,* 5 N. Y. St. Rep. 132; 33 Cyc. 1483; *contra, State* v. *Peres,* 27 Mont. 358, 71 Pac. 162.)

*Mr. D. M. Kelly,* Attorney General, and *Mr. C. S. Wagner,* Assistant Attorney General, submitted a brief; *Mr. Wagner* argued the cause orally.

Error is predicated upon the action of the court in admitting the testimony of the prosecutrix as to her age. That this was not error, see *State* v. *Bowser,* 21 Mont. 133, 53 Pac. 179. In *Morrison* v. *Emsley,* 53 Mich. 564, 19 N. W. 187, it is held that the best evidence of a person's age is the testimony of the person whose age is in question. It is urged, however, that the witness was permitted to testify that she gained knowledge of her age from the contents of a baptismal certificate which she claimed to have seen some years before at her former home in Wisconsin, and that this evidence should have been excluded. The error, if any, in admitting this evidence was cured by the cross-examination of the witness by counsel for defendant.

It is also urged the court erred in admitting testimony of the school census to show the age of prosecutrix. In this state it is required by law to keep a census of school children. It is a

public record, and may be received in evidence for the purpose of showing the age of any census child. (*Swift & Co.* v. *Rennard,* 119 Ill. App. 173; *Levels* v. *St. Louis etc. Ry. Co.,* 196 Mo. 606, 94 S. W. 275; *Hendrick* v. *Hughes,* 15 Wall. (U. S.) 123, 21 L. Ed. 52; 17 Cyc. 308–310.)

It is contended the court erred in admitting evidence of other acts of intercourse than the one relied upon for conviction. The question is set at rest in this state by the case of *State* v. *Peres,* 27 Mont. 358, 71 Pac. 162. This case is supported by the weight of authority. (33 Cyc. 1483.) The cases cited by appellant in support of his contention are not authority. The two Kansas cases cited by appellant are overruled by the later case of *State* v. *Borchert,* 68 Kan. 360, 74 Pac. 1108. The Michigan cases cited are in conflict with the case of *People* v. *Abbott,* 97 Mich. 484, 37 Am. St. Rep. 360, 56 N. W. 862. The New York case cited by appellant is in conflict with the case of *People* v. *O'Sullivan,* 104 N. Y. 481, 58 Am. Rep. 530, 10 N. E. 880.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant, charged by information with statutory rape, committed in Fergus county upon Florence Vinn, a female under the age of eighteen years, was convicted and sentenced to a term of service in the state prison. He has appealed from the judgment and an order denying his motion for a new trial. He was first accused by indictment found and presented by a grand jury on February 27 of this year. Upon arraignment thereon he entered his plea of not guilty, and the trial was set for March 11. At that time, after a jury had been impaneled, an objection by counsel to the introduction of evidence by the prosecution, on the ground that the indictment did not state a public offense, was sustained, and the indictment dismissed. Thereupon the court ordered the defendant to be held in custody, and directed the county attorney to file an information, counsel for defendant objecting and reserving an exception. On the

following day the information was presented and filed. The defendant, having been brought into court and arraigned, waived the time allowed by the statute in which to plead, entered his plea of not guilty, and consented to be put upon his trial immediately.

1. The jurisdiction of the court is challenged, on the ground [1] that it erred in directing the county attorney to file an information after the indictment was dismissed. Counsel insists that the defendant had the right either to have a preliminary examination previous to the filing of the information, or to have the case submitted for investigation to another grand jury. The question presented by the first alternative of counsel's contention is disposed of by the cases of *State* v. *Bowser,* 21 Mont. 133, 53 Pac. 179, and *State* v. *Chevigny,* 48 Mont. 382, 138 Pac. 257. In the former it was held that the defendant is not entitled, as a matter of right, to have a preliminary examination prior to the filing of an information, because the Constitution specifically provides that an information may be filed either after examination and commitment, or after leave granted by the court. It was there said: "There can be no interpretation put upon any statute of the state which will take away the constitutional right of prosecution by information filed in the district court after leave has been granted by the court, where there has been no examination and commitment, or where there has been no prosecution by indictment."

The order directing the filing of the information was certainly equivalent to granting leave to file it. This being so, and the court having jurisdiction of the offense, by entering his plea [2] without a written motion to set aside the information and consenting to go to trial, the defendant waived his right to question the propriety of the prior proceedings. (*State* v. *Chevigny, supra;* Rev. Codes, sec. 9194.) By what we have so far said we do not mean to concede that there was any irregularity in the proceedings. If, under the particular circumstances, the county attorney was authorized to prosecute by information, instead of upon indictment, whether leave was granted in the form of an

order peremptory or permissive in character, the result was the same.

The question presented by the second alternative is whether, [3] after a defendant has once been indicted by a grand jury, and the indictment has been dismissed because of substantial defect in it, the county attorney may prosecute by information. In other words, if a prosecution has been initiated by indictment under the provision of the Constitution (Art. III, sec. 8), must it be conducted to final judgment exclusively by this method? The provision of the Constitution, so far as pertinent here, is as follows: "All criminal actions in the district court, except those on appeal, shall be prosecuted by information, after examination and commitment, by a magistrate, or after leave granted by the court, or shall be prosecuted by indictment without such examination or commitment, or without such leave of the court."

By entering his plea without testing the indictment or information by demurrer, the defendant waives all defects therein, except that the court has not jurisdiction over the offense, and that the facts stated do not constitute an offense. The pleading may be tested in either or both of these respects by appropriate objection at the hearing; the objection being equivalent to, and serving the purpose of, a demurrer. (Rev. Codes, sec. 9208.) Section 9204 of the Revised Codes provides: "If the demurrer is allowed, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, or another or an amended information, directs the case to be submitted to another grand jury, or directs another or an amended information to be filed." We are inclined to the opinion that the question submitted was not properly reserved by objection at the hearing, but that the defendant should have moved formally to set aside the information. For present purposes we shall waive this question and consider the defendant's objection at the time the order was made, followed by his objection at the hearing, as properly presenting it.

So far as we have been able to ascertain, the provision of our Constitution *supra* is not found in that of any other state. In some of the states, as in Tennessee, all public offenses, except when the proceeding is by impeachment, may be prosecuted only upon indictment or presentment. (Const. Tenn., Art. I, sec. 14.) In others, as in Louisiana, any crime not capital, except one arising in the militia, may be prosecuted by indictment or information. (Const. La. 1884, Bill of Rights, Art. V.) In still others, as in California, with the exceptions mentioned, prosecutions may be by information after examination and commitment by a magistrate, or by indictment with or without such commitment, as may be provided by law. (Const. Cal., Art I, sec. 8.) In Idaho the prosecution by information must be preceded by an examination and commitment. (Const. Idaho, Art. X, sec. 8.) It will be observed that in all of these provisions the course to be pursued by the prosecuting authorities is definitely marked out or may be declared by the legislature. While it was held in *State* v. *Ah Jim,* 9 Mont. 167, 23 Pac. 76, that the provision in our Constitution was not self-executing, but required legislative action to put it in force, it has never been held that it is within the power of the legislature to limit the scope of the provision by imposing upon the courts and prosecuting officers restrictions other than those declared therein. One of the purposes of the convention in formulating it, and the people in adopting it, was to dispense with the slow, expensive, and therefore unsatisfactory procedure by indictment, and to substitute a procedure expeditious and inexpensive, to be availed of by the prosecuting officers at their discretion, subject to control by the court, to guard a particular defendant against oppression and malice, and prevent abuse of power by the county attorney. (*State* v. *Brett,* 16 Mont. 360, 40 Pac. 873; *State* v. *Cain,* 16 Mont. 561, 41 Pac. 709.) The precedent examination and commitment by a magistrate, or the authority of the court to withhold leave to prosecute, was deemed sufficient, ordinarily, to safeguard the citizen from an unwarranted prosecution which might, in exceptional cases, be prompted by well-meaning

ignorance or the malice of a public prosecutor. The provision, in effect, declares that no citizen shall be held to answer, except upon a charge preferred by one of the methods of procedure indicated. There is nothing in it to indicate an intention that any citizen has a vested right to be charged by one method, to the exclusion of the other. Its provisions are in the alternative, without express limitations as to either, and we think it was the intention that either the indictment or information should be available, and that either might be resorted to in case the other should not be available, or for any cause break down during the progress of the prosecution. Of course, the prosecution cannot be conducted by information and indictment both. Nor, after the defendant has been once tried and finally convicted or acquitted, may he be put upon trial for the same offense again. (Const., Art III, sec. 18.) But this does not mean that, after an indictment has been dismissed, he may not be charged with the same offense by any method the use of which is permitted by the Constitution, until his guilt or innocence has been ascertained by the verdict of a jury, or, in any event until he has once been in jeopardy.

We have been referred to but a single case in which the identical question under consideration has been discussed. Under a statute providing that offenses might be prosecuted either by indictment or information, the supreme court of Kansas held that the finding of an indictment by a grand jury did not limit the state, from the inception to the close of the prosecution, to one form of procedure, but that it was competent for the county attorney to prefer an information charging the same offense, though an indictment was still pending. The court said: "Of course, a party cannot be put upon trial upon an indictment and information for the same offense at the same time; and in this sense the state cannot prosecute by indictment and information. But the indictment and information are simply the pleadings on the part of the state. Each one constitutes a separate action, and it is not bound to dismiss one

action before it commences another.'' (*State* v. *McKinney,* 31 Kan. 570, 3 Pac. 358.)

The cases of *Alderman* v. *State,* 24 Neb. 97, 38 N. W. 36, *State* v. *Stewart,* 47 La. Ann. 410, 16 South. 945, and *United States* v. *Nagle,* 17 Blatchf. 258, Fed. Cas. No. 15,852, discuss analogous questions and are at least persuasive. But, without the authority of these cases, we think the purpose of the provision was as stated above, and that, when the indictment in this case was found insufficient, the county attorney had authority, under the control of the court, to initiate a prosecution by information. Nor do we think the statute *supra* should be construed as prescribing a different rule. If, as we have said, the provision of the Constitution intended that public offenses should be prosecuted either by indictment or information, according as the exigencies of the public welfare required, then, as said in *State* v. *Bowser, supra,* no interpretation can be put upon any statute that limits or restricts its meaning. And though the statute seems to declare that, when an indictment has been held defective on demurrer, the defendant is entitled to go free, unless the court directs the case to be submitted to another grand jury, we construe it to mean that, when this exigency arises, the court is vested with a discretion to pursue this course or permit an information to be filed curing the defects disclosed by the demurrer. The legislature certainly could not have intended that, notwithstanding the facts in the possession of the county attorney and brought to the knowledge of the court, showing that the public welfare requires a prosecution of the defendant, resort must be had again to the slow and expensive procedure of indictment, when the procedure by information would be just as safe and effective and far more expeditious. This construction may seem forced. We must, however, adopt it, or declare the statute to be an unwarranted limitation of the constitutional provision, and hence invalid. This we do not feel it necessary to do.

2. It appeared from the evidence that Florence Vinn is the daughter of Mrs. Frank Vinn by a former husband, whose name

[4]  was Trummer; the daughter being called by the name of
her stepfather.  She was permitted to testify to various acts of
intercourse with her by her stepfather, prior to the date of the
act charged in the information.  The contention is made that the
evidence was incompetent, and must have prejudiced the jury,
because it tended to prove other distinct offenses by the defend-
ant.  While there is some conflict in the decisions on the point,
we think the case of *State* v. *Peres*, 27 Mont. 358, 71 Pac. 162,
should be accepted as settling the rule in this jurisdiction.
Under this decision the contention made by counsel must be
overruled.  As in that case, the court in this case, by proper
instruction, limited the purpose for which the evidence was ad-
mitted.  It is not controverted that the instruction was correct,
if the evidence was competent.

3. The only witness introduced by the state in chief was Flor-
ence Vinn.  She testified that on March 27, 1913, the date of the
crime charged, she was in her seventeenth year, having been
[5]  born on July 9, 1895.  She was questioned further as to
the sources of her knowledge, and stated that her mother had
told her of the date of her birth.  She also stated that she had
seen the certificate of her baptism, which recited the date of her
birth.  It was objected that this evidence was not admissible,
because it was hearsay.  Such evidence falls within the excep-
tion to the general rule against hearsay.  In *State* v. *Bowser,*
*supra,* this court said: "Recent authorities hold that the age
of a prosecuting witness alleged to be under the age of consent
may be proved by her own testimony.  (Underhill on Criminal
Evidence, sec. 342; Wharton's Criminal Evidence, sec. 236;
*People* v. *Ratz,* 115 Cal. 132, 46 Pac. 915; *Bain* v. *State,* 61 Ala.
75.)  The fact that the witness derived her knowledge of her
age from statements of her parents, or family reputation, does
not make it inadmissible.  Persons of the age of discretion, and
many who are of even tender years, know enough of themselves
to state their ages with intelligence and accuracy.  Such testi-
mony is often essential to prove age, and for this reason it is

competent, being excepted from the rules generally excluding hearsay evidence.''

Counsel also make the point that the court erred in permitting the witness to testify that she had seen the certificate of baptism at the home of her parents in Wisconsin, where she was born, prior to their removal, first to Iowa, then to Minnesota, and subsequently to Montana. It may be conceded, as counsel contend, that the baptismal record was not admissible to prove the date of the witness' birth, though it recited this date. (*Durfee* v. *Abbott,* 61 Mich. 471, 28 N. W. 521; *Greenleaf* v. *Dubuque & S. C. Ry. Co.,* 30 Iowa, 301; *People* v. *Mayne,* 118 Cal. 516, 62 Am. St. Rep. 256, 50 Pac. 654.) The result of the examination, however, was not to introduce the contents of the certificate, but to disclose to the jury how, in part, the witness obtained her knowledge. If the person whose age is in question may prove it by his own testimony, the fact that he gains his knowledge from the statements of his parents or from family reputation does not render his testimony inadmissible. (*State* v. *Bowser, supra; People* v. *Ratz,* 115 Cal. 132, 46 Pac. 915.) He certainly cannot have personal knowledge of the circumstances attending his birth, nor of its date. Neither do we see how such testimony can be rendered incompetent by the fact that the same knowledge has also been gained by the reading of writings in possession of the family and preserved as records of family history. Of course, it was not incumbent upon the county attorney to inquire of the witness as to the sources of her knowledge. That he did so, thus invading, perhaps, the province of counsel for defendant, was not made the ground of objection.

4. Mrs. Frank Vinn, called by defendant, testified that her daughter was born on July 9, 1894, and that at the date of the alleged rape she was over the age of eighteen years. Several witnesses were called in rebuttal, who testified that on various occasions, prior and subsequent to the date of the offense, she had stated to them that the daughter was under eighteen years [6] of age. In this connection Alice O'Hara was called. She stated that she was the county superintendent of schools for

Fergus county. The county attorney then had her identify the school census for Fergus county, including that of the district in which the defendant resided. Her evidence otherwise tended to show that the record had been kept as required by law. It was then admitted in evidence, over the objection of counsel for defendant, that it was hearsay. The ruling was proper. The document was a public record required by law to be kept by this officer. (Par. 3, sec. 512, Chap. 76, Laws 1913.) It was admissible as *prima facie* evidence of the facts therein stated. (Rev. Codes, sec. 7926; *Hedrick* v. *Hughes*, 15 Wall. 123, 21 L. Ed. 52; *Levels* v. *St. Louis etc. Ry. Co.*, 196 Mo. 606, 94 S. W. 275.)

5. In paragraph 4 of the charge the jury were instructed that [7, 8] the evidence of the prosecutrix alone, if believed by them, was sufficient to sustain a conviction. Counsel contend that this was error, in that the court omitted to charge also that the jury should consider the testimony in connection with the other evidence in the case, and give it such weight as they then thought it entitled to. While we agree with counsel that, upon proper request, the court ought to have formulated the instruction to meet his views, since no such request was made, and since the instruction was correct so far as it went, there is no ground for complaint. "The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact, except perjury and treason." (Rev. Codes, sec. 7861.) The rule applies to the evidence of a prosecutrix in a rape case as well as to witnesses in other cases (*State* v. *Peres, supra*), though a different rule prevails in other jurisdictions. In another paragraph of the charge the court instructed the jury fully as to how they should weigh and credit the evidence of the different witnesses. In the absence of a request for a special precautionary instruction, this was sufficient to meet all requirements.

6. Finally, it is contended that the verdict is contrary to the evidence. It is true that the mother contradicted the daughter as to her age, and that the defendant denied that he had ever had sexual intercourse with her. As already noted, there was

testimony showing that the mother on different occasions stated the age of her daughter to be as the latter testified, and also that she had admitted to at least two persons that she had knowledge that her husband had had sexual relations with her daughter. The daughter's evidence was sufficient to make a case for the jury. As we have so often said, it is the province of the jury [9] to solve all questions as to the credibility of the different witnesses, and with their conclusion thereon we may not interfere.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SANNER concurs.

MR. JUSTICE HOLLOWAY did not hear the argument, and takes no part in the foregoing decision.