## IN RE PALM.

(No. 3,923.)

(Submitted September 18, 1916. Decided October 7, 1916.)

[160 Pac. 348.]

*Criminal Law—Defective Information—Dismissal—Filing New
Information—Habeas Corpus.*

> 1. Where an information was dismissed on the motion of the county
> attorney because of the omission of a material allegation therefrom,
> and a new information ordered filed by the court, the absence of a
> statement from the minutes of the court that before making the order
> it entertained the opinion that the objection to the original informa-
> tion could be avoided in the new one,—an entry which might properly
> have been made but was not required to be made by section 9204,
> Revised Codes,—was not sufficient ground for the release of the com-
> plainant from custody on *habeas corpus*.
>
> [As to when plea of *autrefois acquit* is sustainable, see notes in
> 17 Am. Dec. 791; 58 Am. Dec. 536.]

Application by Jack Palm for writ of *habeas corpus*. Pro-
ceeding dismissed.

*Messrs. McCormick & Russell*, for Complainant.

*Mr. J. B. Poindexter*, Attorney General, and *Mr. W. H. Poor-
man*, Assistant Attorney General, for the State.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

Jack Palm was charged by information with the commission
of a felony. He demurred to the information, but before the
court passed upon his objections the county attorney moved to
dismiss and for leave to file a new information. The court's
minutes recite the procedure had as follows: "Pending the
ruling on demurrer to information, on motion of county attor-
ney and by consent of the court, the information originally filed
is ordered dismissed and a new information is ordered filed.
The court then stated that he sustained the demurrer to the first
information." The new information was filed and the accused

applied to this court for his release from custody on *habeas corpus*.

The applicant contends that he is entitled to his release because of irregularities in the procedure in the court below. Sections 9203 and 9204, Revised Codes, provide:

"9203. Upon considering the demurrer, the court must give judgment, either allowing or disallowing it, and an order to that effect must be entered upon the minutes.

"9204. If the demurrer is allowed, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, or another or an amended information, directs the case to be submitted to another grand jury, or directs another or an amended information to be filed."

The irregularities of which complaint is made are more apparent than real. The application of the county attorney for leave to dismiss the original information amounted to nothing more than a confession of the demurrer, and the order granting the motion and the order sustaining the demurrer in legal effect amounted to a judgment of the court that the original information was insufficient. That document out of the way, then, the question whether a new or amended information should be filed was addressed to the court. It could be filed only upon the order of the court, and such order could be made only in the event that the court first determined that the objection to the original information could be avoided in the new one. (Sec. 9204, above.)   It is true, as petitioner contends, that the record does not disclose, as it might well have done, that the court entertained such opinion; but the statute does not require that the opinion itself shall be spread upon the record or that the record shall recite that the court had first formed such opinion. The record does disclose that the court ordered the new information to be filed.

The provision of section 9204 is intended to safeguard the rights of the accused against an altogether unwarranted prosecution or the possible malice of the prosecuting officer (*State* v. *Vinn*, 50 Mont. 27, 144 Pac. 773), but it is not intended to shield an offender against prosecution merely because of some technical defect, irregularity or insufficiency in the original information or indictment.

The burden of determining whether further proceedings shall be taken is placed upon the court. It cannot be shifted to the county attorney who may be biased or prejudiced (*State* v. *Crook*, 16 Utah, 212, 51 Pac. 1091); but when the court orders the new information to be filed, the order itself presupposes the existence in the mind of the court of that opinion upon which alone the order can be made.

The record, though informal, discloses that the rights of the accused were secured and that the requirements of the statute were observed. (*People* v. *O'Leary*, 77 Cal. 34, 18 Pac. 856.) The accused will not be heard to say that he ought to escape even a trial, merely because the county attorney omitted from the original information a material allegation, which he could properly include in a new one.

The proceeding is dismissed and the petitioner is remanded to the custody of the sheriff of Missoula county, to await further action by the court below.

*Dismissed.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.